# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:

                                            Case No. 09-27168-BKC-LMI

CABI DOWNTOWN LLC,[1]

                                            Chapter 11

       Debtor.

_____/

# EMERGENCY APPLICATION BY DEBTOR FOR INTERIM AND FINAL ORDERS AUTHORIZING THE EMPLOYMENT AND RETENTION OF SIEGFRIED RIVERA LERNER DE LA TORRE & SOBEL, P.A. AS SPECIAL COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

### (Emergency Hearing Requested)[2]
### BASIS FOR EMERGENCY RELIEF

> The above-captioned debtor-in-possession (the "Debtor") requests an emergency hearing in this matter on or before August 27, 2009, to prevent direct, immediate, and substantial harm to the Debtor's estates or ability to reorganize that would occur if the Debtor is not authorized to retain counsel without delay so as to ensure a smooth transition into Chapter 11. The Debtor respectfully requests that the Court waive the provisions of Rule 9075-1(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, which require an affirmative statement that a bona fide effort was made to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

CABI Downtown, LLC ("CABI Downtown", or the "Debtor"), debtor and debtor in possession, by and through undersigned counsel, files this application (the "Application"), pursuant to sections 327(e), 328(a) and 330 of title 11 of the United States Code, 11 U.S.C.

---

[1]      The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180. The last four digits of the Debtor's tax identification number are [0838].

[2]      Additional support for expedited relief may be found in Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida granting expedited hearings within two days of filing certain motions in chapter 11 cases, and pursuant to Rule 6003 of the Federal Rules of Bankruptcy Procedure allowing for interim relief to avoid immediate and irreparable harm.

§§ 101 *et seq*. (the "<u>Bankruptcy Code</u>" ), Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), respectfully requesting the entry of an interim order, substantially in the form annexed hereto as Exhibit "A", and entry of a final order substantially in the form annexed hereto as Exhibit "B", on or after September 8, 2009, authorizing the Debtor to retain and employ Siegfried Rivera Lerner De La Torre & Sobel, P.A. ("<u>Siegfried Rivera</u>"), *nunc pro tunc* to the Petition Date, as special counsel to the Debtor.  In support of this Application, the Debtor relies upon the *Affidavit and Disclosure Statement of Oscar R. Rivera* in support of the Application (the "<u>Rivera Affidavit</u>"), a copy of which is annexed hereto as Exhibit "C" and respectfully represents the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The principal statutory predicates for the relief requested herein are Bankruptcy Code sections 327(e) and Bankruptcy Rules 2014, 2016, and 6003.  Additional authority for the relief requested herein may exist under sections 105, 328, and 1107 of the Bankruptcy Code.

## BACKGROUND

**A.      General Background**

3.      On the Petition Date, the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4.      Since the Petition Date, the Debtor has been operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      As of the date hereof, no creditors' committee has been appointed or designated in this case.  In addition, no request for the appointment of a trustee or examiner has been made.

6.      The Debtor is a limited liability company organized and existing under the laws of the State of Florida.

7.      The controlling member of the Debtor is CABI Holdings, Inc.  The managers of the Debtor are Elias Amkie Levy, Elias Cababie Daniel, Abraham Cababie Daniel, Rafael Harari Tussie, and Jaime Dayan Tawil.

**B.      Everglades on the Bay**

8.      The Debtor is the developer and owner of the luxury residential condominium development known as Everglades on the Bay ("Everglades") in downtown Miami.  Located at 244 Biscayne Boulevard, Everglades contains 849 residential condominium units (the "Condominium Units") in two towers.  Condominium Units range in size from 563 square feet to 4482 square feet and are configured as flats, loft studios, one-bedroom, two-bedroom, three-bedroom, and penthouse units.  The Condominium Units feature a variety of exotic and high-end finishes as well as expansive views of the downtown Miami skyline and Biscayne Bay.

9.      Everglades also contains approximately 60,000 square feet of commercial retail space (the "Retail Space"), which is intended to be developed into a mix of restaurants, upscale retail/service boutiques, and office suites.  Rental spaces within the Retail Space range from 1,000 to 20,000 square feet and front Biscayne Boulevard, Northeast 2nd Street, or Northeast 3rd Street.

10.      Designed as a center of upscale urban living, Everglades includes a 15,000 square foot spa with sauna and steam room, a fitness center, three swimming pools (including a lagoon pool with a bar overlooking the bay), a billiard room, a private residence lounge, and other

similar upscale amenities.  The building also offers 24-hour valet service, computerized security-controlled elevators, and a fully-equipped multi-function business center.

11.     As of the date hereof, the Debtor has closed on the sale of 86 units in Everglades.  In addition, the Debtor continues to actively market the remaining Condominium Units.  The Debtor intends to establish a procedure for the consummation of future sales that maximizes the return to the estate while protecting the interests of all creditors.

**C.     Reasons for Filing**

12.     The Debtor filed Chapter 11 because of (a) the declining real estate market, (b) its inability to reduce condominium prices in response to these changing market conditions, and (c) its inability, due to circumstances beyond the Debtor's control, to renew, repay, or refinance its secured mortgage debt owed to Bank of America, which matured in March 2009.  In the past year, potential purchasers of condominiums at Everglades have sought significant purchase price reductions.  Because the Debtor's lenders have refused to grant the Debtor relief from minimum lien release price covenants in the operative construction loan agreement, the Debtor has been stymied from generating significantly more closings at realistic market levels.  Consequently, many of the purchasers that paid 20% pre-construction deposits have cancelled their purchases rather than pay the prices demanded by the lenders.  Had the Debtor been able to reduce purchase prices as market conditions deteriorating, the Debtor believes that it would have been able to repay all or a substantial portion of the construction loan and averted Chapter 11.

<u>**RELIEF REQUESTED AND REASONS THEREFOR**</u>

13.     By this Application, the Debtor requests, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, and Bankruptcy Rule 2014 and 6003, that this Court enter interim and final orders, substantially in the forms attached hereto as Exhibits "A" and "B": (i) authorizing

the employment and retention of Siegfried Rivera as special counsel to the Debtor *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions under which Siegfried Rivera will be retained and compensated, and (iii) granting such other and further relief as the Court deems just and proper.

## A.    <u>About Siegfried Rivera</u>

14.    The Debtor seeks to retain Siegfried Rivera as special counsel because of Siegfried Rivera's extensive experience in construction litigation, major real estate acquisitions, and representation of condominium and community associations and, more importantly, because of Siegfried Rivera's intimate knowledge of the Debtor's prepetition legal matters.  Siegfried Rivera is a boutique real estate and construction law firm with offices in West Palm Beach, Plantation, and Coral Gables, Florida that has acted as CABI Downtown's general real estate counsel for a number of years.  Siegfried Rivera has represented CABI Downtown since 2004 in various capacities, including preparation and filing of condominium documents, issuing mortgage title insurance policies, performing construction administration and project-related contract work, acting as the escrow agent and closing agent for Everglades, performing commercial lease work related to Everglades, and representing CABI Downtown in various construction and customer deposit litigation matters (collectively, the "<u>CABI Matters</u>").  Based on Siegfried Rivera's longstanding relationship with the Debtor and its extensive knowledge of the CABI Matters, Siegfried Rivera is uniquely well-suited to effectively represent the Debtor in the CABI Matters, including the settlement negotiations and pending litigation described below.

15.    Prepetition, Siegfried Rivera has represented the Debtor in connection with several litigation matters presently pending in the Circuit Court for Miami-Dade County, including complex litigation and settlement negotiations with W.G Yates & Sons, the former

General Contractor for Everglades (the "Yates Litigation").  Siegfried Rivera has also represented the Debtor on an ongoing basis in approximately 75 active cases involving purchasers seeking return of deposits based upon alleged defaults by the Debtor (the "Deposit Litigation Cases").

16.    In connection with Siegfried Rivera's prepetition representation of the Debtor, Siegfried Rivera incurred approximately $652,708 in prepetition fees and costs (the "Prepetition Balance"), all of which is presently due but remains unpaid.  Siegfried Rivera intends to timely file a proof of claim seeking payment of the Prepetition Balance as an unsecured nonpriority claim.  At this time, the Debtor has not paid Siegfried Rivera a retainer for postpetition services.

17.    As escrow agent for CABI Downtown, Siegfried Rivera currently maintains unit purchaser funds in escrow.  Some of those deposits are the subject of the Deposit Litigation Cases, which remain pending as of the Petition Date.

**B.    Services to be Provided**

18.    Subject to this Court's approval, the Debtor seeks to retain Siegfried Rivera on an interim basis until a final hearing, and thereafter on a final basis as special counsel to assist in the CABI Matters, including closing the sale of condominium units in Everglades, settlement of the dispute underlying the Yates Litigation, and resolution of the claims underlying the Deposit Litigation Cases.  In particular, the Debtor anticipates that Siegfried Rivera will, in coordination with the Debtor's bankruptcy counsel, provide the following professional services, among others, for the Debtor:

   a.    advise and represent the Debtor with respect to the CABI Matters, including acting as the escrow agent and closing agent for Everglades and performing related commercial lease work;

   b.    advise the Debtor regarding the pending Yates Litigation and all matters related thereto, including ongoing settlement negotiations;

    c.      commence and conduct any and all construction litigation necessary or appropriate, as directed by the Debtor, to assert rights held by the Debtor, including without limitation any litigation within the bankruptcy cases, in adversary proceedings or in contested matters relating to Everglades; and

    d.      advise the Debtor with respect to any possible settlement of potential unit purchaser claims by or against the Debtor's estates, including the Deposit Litigation Cases.

19.      The services of Siegfried Rivera are necessary and appropriate to enable the Debtor to execute its duties as debtors and debtors-in-possession faithfully and are in the best interest of the Debtor, its estates, and creditors.  Siegfried Rivera has already expended enormous resources and invested significant time in advising the Debtor with respect to the CABI Matters, including extensive real estate transactional representation, prosecution of the Yates Litigation, and defense of the Deposit Litigation Cases.  It would be burdensome to the estate and would unnecessarily deplete precious resources to educate new counsel regarding the CABI Matters at this juncture.  Thus, Siegfried Rivera's continued involvement in these matters is essential to the Debtor's prospects for reorganization.

20.      In addition to seeking to retain Siegfried Rivera as special counsel, by separate Application filed herein, the Debtor has filed or expects to file shortly applications to employ, among others, (i) Kasowitz Benson Torres & Friedman LLP, as the Debtor's general bankruptcy counsel ("Kasowitz"), (ii) Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg"), as the Debtor's local bankruptcy counsel, (iii) Algon Capital LLC (d/b/a Algon Group), as financial advisors to the Debtor, and (iv) KPMG, as tax and audit service providers to the Debtors.  Although certain aspects of Siegfried Rivera's proposed representation as special counsel may necessarily involve both Kasowitz and Bilzin Sumberg, Siegfried Rivera will coordinate with the Debtor's other professionals to ensure that services are, to the maximum extent possible, complementary and not duplicative.

C.    **No Adverse Interest**

21.    To the best of the Debtor's knowledge, and except as disclosed in the Rivera Affidavit, Siegfried Rivera neither holds nor represents an interest adverse to the Debtor and its chapter 11 bankruptcy estate.

22.    The Debtor has been informed that Siegfried Rivera will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Siegfried Rivera will supplement its disclosure to this Court.

D.    **Compensation**

23.    As set forth in Siegfried Rivera's Engagement Letter to Jacobo Cababie dated as of December 11, 2006, Siegfried Rivera intends to charge for the bulk of its services by reference to hourly rates for CABI Matters, which are currently as follows:[1]

| Partners | $300 |
|----------|------|
| Associates | $275 |
| Paralegals | $135 |

However, in accordance with prior representation in certain of the CABI Matters relating to closing the sale of condominium units in Everglades (the "CABI Closings"), Siegfried Rivera will, in its capacity as special counsel for the CABI Closings, continue to comply with existing contractual flat fee arrangements. The fee charged is tied to the sales price for each condominium and thus the individual fees charged will vary depending upon the transaction amount.

24.    In addition, Siegfried Rivera will seek reimbursement from the Debtor for all actual, necessary expenses and other charges incurred by the firm. These charges and

---

[1]    Siegfried Rivera's hourly rates are subject to periodic adjustment to reflect economic and other conditions.

disbursements include, among other things photocopying (at a reduced rate of $0.10 per page for black-and-white copies and a higher commensurate charge for color copies), computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, and as applicable, certain fees and expenses unique to Siegfried Rivera's continued representation of the CABI Matters, including fees for title searches, title insurance, documentary stamp tax fees, and appropriate developer fees pursuant to existing prepetition contractual arrangements.

25.    The Debtor understands that Siegfried Rivera hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases, and further orders of this Court for all services performed and expenses incurred after the Petition Date.

26.    The Debtor believes that the aforementioned fee and expense reimbursement policy is fair and reasonable in light of (a) industry practice; (b) market rates charged for comparable services both in and out of the chapter 11 context; and (c) Siegfried Rivera's experience with respect to these services.

27.    With the exception of the 2006 prepetition retainer paid by the Debtor to Siegfried Rivera, which has since been depleted, no commitment has been made or received by Siegfried Rivera, nor any member thereof, as to compensation or payment in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code and orders of this Court.  Further, Siegfried Rivera has no agreement with any other entity to share with such entity any compensation received by Siegfried Rivera in connection with this chapter 11 case.

## BASIS FOR RELIEF

28.     The Debtor submits that Siegfried Rivera's proposed retention meets all the prerequisites for retention of special counsel under section 327(e) of the Bankruptcy Code, which permits a debtor-in-possession, with court approval, to employ "an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

29.     Courts in the Southern District of Florida have approved the retention of professionals necessary for debtors' postpetition operations.  *See In re Fontainebleau Las Vegas Holdings, LLC,* Case No. 09-21481 (Bankr. S.D. Fla. June 16, 2009); *In re All Am. Semiconductor, Inc.,* Case No. 07-12963, Docket No. 217 (Bankr. S.D. Fla. May 17, 2007); *In re Transcapital Fin. Corp.*, Case No. 06-12644, Docket No. 60 (Bankr. S.D. Fla. Aug. 2, 2006); *In re Wilkinson Hi-Rise, LLC*, Case No. 06-11939, Docket No. 159 (Bankr. S.D. Fla. July 20, 2006); *In re Gemini Cargo Logistics, Inc.*, Case No. 06-10870, Docket No. 164 (Bankr. S.D. Fla. April 11, 2006).

30.     Siegfried Rivera's services will enable the Debtor to execute faithfully its duties as debtor-in-possession, and are necessary to the successful functioning of this chapter 11 case. As stated above, the Debtor does not believe that Siegfried Rivera holds or represents an interest adverse to the Debtor or the Debtor's estate with respect to the matters on which Siegfried Rivera is to be employed.  The Debtor believes that Siegfried Rivera is well qualified and able to represent the Debtor in a cost-effective, efficient and timely manner.  Siegfried Rivera has indicated a willingness to act on behalf of the Debtor, to subject itself to the jurisdiction and supervision of this Court, and to provide the services described herein.  Accordingly, the Debtor

submits that the retention of Siegfried Rivera is in the best interests of the Debtor, its estate, and all creditors, and thus should be approved by this Court.

## INTERIM RETENTION IS NECESSARY

31.    The Debtor further seeks the retention of Siegfried Rivera on an interim basis to avoid the imposition of irreparable harm that will inure to the Debtor's estate absent the relief sought hereby.  Pursuant to Bankruptcy Rule 6003, the court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm. FED. R. BANKR. P. 6003.  Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first 20 days of a chapter 11 cases. *See, e.g., In re Fontainebleau Las Vegas Holdings, LLC,* Case No. 09-21481 (Bankr. S.D. Fla. June 16, 2009) (approving retention of legal counsel on an interim basis within the first 20 days of a chapter 11 case); *In re TOUSA, Inc.*, No. 08-10928 (Bankr. S.D. Fla. Jan. 31, 2008) (same); *In re First NLC Fin. Servs., LLC*, 2008 WL 268428, No. 08-10632 (Bankr. S.D. Fla. Jan. 28, 2008) (same).

32.    The Debtor submits that the progress made in the first 20 days of these Chapter 11 Cases will be a determinative factor in the ultimate outcome of these cases.  Siegfried Rivera, as the Debtor's special counsel, will play an integral role by assisting the Debtor in its efforts to move forward with pending sales of condominiums and by managing existing litigation and settlement negotiations.  Further, Siegfried Rivera will assist with any other construction litigation or transactional real estate matters deemed necessary and appropriate by the Debtor to effectively reorganize the Chapter 11 Cases and to further ensure the Debtor's emergence from chapter 11.

33.    Failure to have all of Siegfried Rivera's resources readily available during the first 20 days of the cases will severely hamper the Debtor's initial restructuring efforts and could jeopardize the ultimate outcome of these cases.  Therefore, the Debtor submits that they have satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order authorizing the Debtor to retain and employ Siegfried Rivera on an interim basis, and to compensate Siegfried Rivera for any expenses incurred during that interim period in accordance with the interim compensation procedures established in these cases.  This interim form of relief ensures the availability of Siegfried Rivera's full resources to the Debtor during a critical period in these cases, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this application on a final basis. The form of proposed interim order attached as Exhibit "A" preserves any objections of all creditors and parties-in-interest to the final hearing on this Application.

## NOTICE

34.    The Debtor will provide notice of this motion to all parties on the Master Service List as defined in Local Rule 2002-1(H) and all parties known to be directly affected by the relief requested herein.  In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## NO PREVIOUS REQUEST

35.    No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of interim and final orders substantially in the forms attached hereto as Exhibit "A" and "B" (i) authorizing the employment and retention of Siegfried Rivera as special counsel to the Debtor *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions under which Siegfried Rivera will be retained and compensated and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  August 25, 2009

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
*Proposed Local Counsel for the Debtor*
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

By: /s/  Mindy A. Mora
          Mindy A. Mora
          Florida Bar No. 678910
          mmora@bilzin.com
          Jason Z. Jones
          Florida Bar No. 186554
          jjones@bilzin.com

- and -

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
*Proposed Counsel for the Debtor*
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Andrew K. Glenn
N.Y. Bar No. 2767374
*(pro hac vice pending)*
Jeffrey R. Gleit
N.Y. Bar No. 3928371
*(pro hac vice pending)*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

CABI DOWNTOWN LLC,[1]

                                     Case No. 09-27168-BKC-LMI

                                     Chapter 11

      Debtor.

_____/

**[PROPOSED] INTERIM ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY SIEGFRIED RIVERA LERNER DE LA TORRE & SOBEL, P.A. AS SPECIAL COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

THIS MATTER came before the Court on August __, 2009 at _:__ _.m., upon the *Emergency Application by Debtor for Interim and Final Orders Authorizing the Employment and Retention of Siegfried Rivera Lerner De La Torre & Sobel, P.A.* ("Siegfried Rivera") *as Special Counsel to the Debtor Nunc Pro Tunc to the Petition Date* (the "Application") [D.E. #__], pursuant to §§ 327(e), 328(a) and 330 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the

---

[1] The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180. The last four digits of the Debtor's tax identification number are [0838].

United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and

upon consideration of the *Affidavit of Oscar R. Rivera in Support of the Application*, and having

found that Siegfried Rivera does not represent an interest adverse to the Debtor or its estates on

the matters for which they are being employed, and that Siegfried Rivera disclosed any

connections with parties as required by Bankruptcy Rule 2014; and it appearing that the relief

requested is necessary and in the best interests of the Debtor's estates, its creditors and all other

parties-in-interest; and due and sufficient notice of the Application having been given; and it

appearing that no other or further notice need be provided; and the Court having jurisdiction to

consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334;

and consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§

1408 and 1409; and after due deliberation and sufficient cause appearing therefore,

IT IS ORDERED that:

1.      The Application IS GRANTED in its entirety on an interim basis as of the

Petition Date.

2.      The Debtor is authorized to retain and employ Siegfried Rivera as its special

counsel in accordance with the terms and conditions set forth in the Application.

3.      Siegfried Rivera is authorized to render the professional services to the Debtor as

set forth in the Application.

4.      Siegfried Rivera shall apply for compensation for professional services rendered

and reimbursement of expenses incurred in connection with the Debtor's chapter 11 cases subject

to the allowance of professional fees and compensation as set forth in § 330 of the Bankruptcy

Code, and in compliance with the remaining provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any Order of this Court.

5.      A final hearing on the Application is scheduled for _____, 2009 at _____m., prevailing Eastern Time, before this Court (the "Final Application Hearing"). Any party in interest objecting to the relief sought in the Motion shall serve and file written objections, which objections shall be served upon (a) the Debtor, c/o CABI DOWNTOWN, LLC, 19950 West Country Club Drive, Suite 900, Aventura, Florida 33180, Attn: Elias A. Levy; (b) Bilzin Sumberg Baena Price & Axelrod LLP, 200 S. Biscayne Blvd., Suite 2500, Miami, FL 33131, Attn: Mindy A. Mora, Esq.; (c) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Ave., Room 1204, Miami, FL 33130; (d) the entities listed on the Master Service List filed pursuant to Local Bankruptcy Rule 2002-1(H), and (e) counsel to an Official Committee of Unsecured Creditors, if one has been appointed (collectively, the "Notice Parties") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than _____ at _____, prevailing Eastern Time.

6.      In the event the Application is not granted on a final basis, Siegfried Rivera shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Hearing. Any party-in-interest may object to the fee application; provided, however, that such party shall file such objection with this Court and serve a copy of the objection on the Notice Parties.

7.      The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtor is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

10.      Entry of this interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application at the Final Hearing.

11.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Mindy A. Mora, Esq.
Fla. Bar No. 678910
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Blvd., Suite. 2500
Miami, FL 33131
Tel: (305) 374-7580
Fax: (305) 375-7593
E-mail: mmora@bilzin.com

Copies to: Mindy A. Mora, Esq.
*(Attorney Mora shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

Case No. 09-27168-BKC-LMI

CABI DOWNTOWN LLC,[1]

Chapter 11

      Debtor.

_____/

**[PROPOSED] FINAL ORDER AUTHORIZING THE DEBTOR TO RETAIN AND**
**EMPLOY SIEGFRIED RIVERA LERNER DE LA TORRE & SOBEL, P.A. AS SPECIAL**
**COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO**
**THE PETITION DATE**

Upon consideration of the application (the "Application") [D.E. # __] of the above

captioned debtors and debtors-in-possession (collectively, the "Debtor ") for entry of interim and

final orders authorizing the Debtor to retain and employ Siegfried Rivera Lerner De La Torre &

Sobel, P.A. ("Siegfried Rivera"), as special counsel for the Debtor, pursuant to §§ 327(e), 328(a)

and 330 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules

2014(a), 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1]     The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180.  The last four digits of the Debtor's tax identification number are [0838].

Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and upon consideration of the *Affidavit of Oscar R. Rivera* in support of the Application, and having found that Siegfried Rivera does not represent an interest adverse to the Debtor or its estates on the matters for which they are being employed, and that Siegfried Rivera disclosed any connections with parties as required by Bankruptcy Rule 2014; and it appearing that the relief requested is necessary and in the best interests of the Debtor's estates, its creditors and all other parties-in-interest; and due and sufficient notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore,

IT IS ORDERED that:

1.      The Application IS GRANTED *nunc pro tunc* to the Petition Date.

2.      The Debtor is authorized to retain and employ Siegfried Rivera as its special counsel in accordance with the terms and conditions set forth in the Application.

3.      Siegfried Rivera is authorized to render the professional services to the Debtor as set forth in the Application.

4.      Siegfried Rivera shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 cases subject to the allowance of professional fees and compensation as set forth in § 330 of the Bankruptcy Code, and in compliance with the remaining provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any Order of this Court.

5.    The Debtor is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

6.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Mindy A. Mora, Esq.
Fla. Bar No. 678910
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Blvd., Suite. 2500
Miami, FL 33131
Tel: (305) 374-7580
Fax: (305) 375-7593
E-mail: mmora@bilzin.com

Copies to: Mindy A. Mora, Esq.
*(Attorney Mora shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

CABI DOWNTOWN LLC,[1]

       Debtor.

_____/

Case No. 09-27168-BKC-LMI

Chapter 11

**AFFIDAVIT AND DISCLOSURE STATEMENT OF OSCAR R. RIVERA  IN SUPPORT**
**OF THE APPLICATION BY DEBTOR FOR INTERIM AND FINAL  ORDERS**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF SIEGFRIED RIVERA**
**LERNER DE LA TORRE & SOBEL, P.A. AS SPECIAL COUNSEL TO THE DEBTOR**
***NUNC PRO TUNC* TO THE PETITION DATE AND FOR ENTRY OF FINAL ORDER**

Oscar R. Rivera hereby declares under penalty of perjury as follows:[2]

      1.      I am an attorney at law admitted to practice before the United States District

Court for the Southern District of Florida, the United States Tax Court, and the Eleventh Judicial

Circuit of Florida.  I am a member of the Bar of the State of Florida.

      2.      I am a member of the firm of Siegfried Rivera Lerner De La Torre & Sobel, P.A.

("Siegfried Rivera"), a law firm of over 30 attorneys, which maintains offices in West Palm

Beach, Plantation, and Coral Gables, Florida.

      3.      This affidavit (the "Affidavit") is submitted in support of the application of the

debtor and debtor-in-possession (the "Debtor"), for an order pursuant to section 327(e) of title 11

of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and rule

---

[1]     The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180.  The last four digits of the Debtor's tax identification number are [0838].

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Emergency Application By Debtor for Interim and Final Orders Authorizing the Employment and Retention of Siegfried Rivera Lerner De La Torre and Sobel, P.A. as Special Counsel to the Debtor Nunc Pro Tunc to the Petition Date* (the "Application").

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Siegfried Rivera, *nunc pro tunc* to August 18, 2009 (the "Petition Date"), as special counsel to the Debtor for matters arising in or related to the above-captioned chapter 11 cases.

4.      Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein.  I have relied on the work of other attorneys and staff at Siegfried Rivera in ascertaining and confirming certain information set forth herein.  To the extent that any information disclosed herein requires amendment or modification upon Siegfried Rivera's completion of further analysis, or as additional information becomes available to Siegfried Rivera, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

5.      By the accompanying Application, the Debtor seeks to employ and to retain Siegfried Rivera as special counsel for matters arising in or related to the Debtor's Chapter 11 cases.  This Affidavit is submitted in support of that Application in accordance with Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.

### SIEGFRIED RIVERA'S CURRENT REPRESENTATION OF THE DEBTOR

6.      Siegfried Rivera is a boutique real estate and construction law firm with offices in West Palm Beach, Plantation, and Coral Gables, Florida that has acted as CABI Downtown's general real estate counsel for a number of years.  Siegfried Rivera has represented CABI Downtown since 2004 in various capacities, including preparation and filing of condominium documents, issuing mortgage title insurance policies, performing construction administration and project-related contract work, acting as the escrow agent and closing agent for Everglades on the Bay ("Everglades"), performing commercial lease work related to Everglades, and representing CABI Downtown in various construction and customer deposit litigation matters (collectively,

the "CABI Matters").  Based on Siegfried Rivera's longstanding relationship with the Debtor and

its extensive knowledge of the CABI Matters, Siegfried Rivera is uniquely well-suited to

effectively represent the Debtor's interests with respect to the CABI Matters, including closing

the sale of units in Everglades, and engaging in settlement negotiations with W.G. Yates & Sons

and various unit purchasers, more fully described below.

7.      Prepetition, Siegfried Rivera has represented the Debtor in connection with

several litigation matters presently pending in the Eleventh Judicial Circuit of Florida, including

complex litigation and settlement negotiations with W.G Yates & Sons, the former General

Contractor for Everglades (the "Yates Litigation").  Siegfried Rivera has also represented the

Debtor on an ongoing basis in approximately 75 active cases involving purchasers seeking return

of deposits based upon alleged defaults by the Debtor (the "Deposit Litigation Cases").

8.      In connection with Siegfried Rivera's prepetition representation of the Debtor,

Siegfried Rivera incurred approximately $652,708 in prepetition fees and costs (the "Prepetition

Balance"), all of which is presently due but remains unpaid.  Siegfried Rivera intends to timely

file a proof of claim seeking payment of the Prepetition Balance as an unsecured nonpriority

claim.  At this time, the Debtor has not paid Siegfried Rivera a retainer for postpetition services,

and Siegfried Rivera does not have any of the Debtor's property in Siegfried Rivera's trust

account.

### CONFLICTS ANALYSIS

9.      Siegfried Rivera has performed conflicts check analysis on an ongoing basis over

its several years of representation of the CABI Downtown in prepetition litigation and

transactional matters.  Historically, when determining whether connections to CABI Downtown

exist, Siegfried Rivera has utilized a number of procedures ("Procedures") to determine its

relationships, if any, to parties that may have connections to CABI Downtown. The Procedures with respect to the CABI Matters include:

    a.  Circulating an email to the entire firm describing the proposed representation and associated parties;

    b.  Preparing and reviewing a list of parties in interest, including CABI Downtown, its principals, and any adverse parties with respect to the CABI Matters;

    c.  Performing a search of any adverse parties in the firm's client database; and

    d.  Performing an additional search of any corporate names obtained from the Florida Division of Corporations web site (www.sunbiz.org) in the firm's accounting system.

10.    As a result of the foregoing Procedures, I have been informed that Siegfried Rivera has no present or prior conflicts that will in any way impede Siegfried Rivera from representing the Debtor within the scope of its engagement.

11.    Neither I, Siegfried Rivera, nor any member, counsel or associate thereof, insofar as I have been able to ascertain, has any current connection with the Debtor, its creditors, or any other party-in-interest herein, or their respective attorneys, other than the parties mentioned above. I am aware of no other connections of Siegfried Rivera to these cases.

12.    As part of its practice, Siegfried Rivera appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants, investment bankers and other entities, some of which may be or may represent claimants and parties in interest in these cases. Siegfried Rivera does not represent any such entity in connection with the pending cases or have a relationship with any such entity or professionals which would be adverse to the Debtor. Siegfried Rivera, however, may represent in the future parties-in-interest in these cases in matters that are wholly unrelated to the instant cases. Siegfried Rivera will not represent any entity other than the Debtor in these cases. In addition, if Siegfried Rivera has or

hires associates who worked at a prior firm on any matter in a material way for any party actually or potentially adverse to the Debtor, Siegfried Rivera will procedurally "wall off" such associates from those that work on this chapter 11 case.

13.    I therefore believe that Siegfried Rivera does not represent or hold any interest adverse to the Debtor in this chapter 11 case with respect to the matters upon which it is to be engaged.

## SIEGFRIED RIVERA'S PROPOSED COMPENSATION

14.    Siegfried Rivera intends to apply for compensation for professional services rendered as special counsel on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Siegfried Rivera from the Debtor.  All of Siegfried Rivera's fees and expenses in the Chapter 11 Cases will be subject to approval of this Court upon proper application by Siegfried Rivera in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), the Local Rules of Practice for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), the fee and expense guidelines established by the U.S. Trustee and any other applicable orders of this Court.

15.    The principal attorneys designated to represent the Debtor and their current standard hourly rates are:

a.  Oscar R. Rivera             $300 per hour

b.  Steven M. Siegfried         $300 per hour

c.  Michael J. Kurzman          $300 per hour

d.  James "Fred" Harrington     $300 per hour

e.  Vivien T. Montz             $300 per hour

f.  Peter L. Meltzer            $275 per hour

g.  Nicholas D. Siegfried       $275 per hour

16.     Other Siegfried Rivera attorneys and paralegals may from time to time serve the Debtor in connection with the matters described herein.  The billing rates of Siegfried Rivera professionals on CABI Matters are as follows:

| Partners | $300 |
|---|---|
| Associates | $275 |
| Paralegals | $135 |

17.     The hourly rates set forth above are subject to periodic adjustments (generally as of January 1 of each year).

18.     The hourly rates set forth above are a preferential rate that Siegfried Rivera has historically offered to CABI Downtown.  Siegfried Rivera intends to honor these rates in its postpetition representation of the Debtor.  The rates are set at a level designed to compensate fairly Siegfried Rivera for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is Siegfried Rivera's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, title search fees, title insurance fees, documentary stamp tax fees, certain specialized developer fees, as well as non-ordinary overhead expenses such as secretarial and other overtime.  Siegfried Rivera will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to Siegfried Rivera's other clients.  Siegfried Rivera believes that it is more equitable to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

19.     The professional services that Siegfried Rivera will render as special counsel to the Debtor, in coordination with the Debtor's general bankruptcy counsel, will include, but shall not be limited to, the following:

>  a.  advise and represent the Debtor with respect to the CABI Matters, including acting as the escrow agent and closing agent for Everglades and performing related commercial lease work;
>
>  b.  advise the Debtor regarding the pending Yates Litigation and all matters related thereto, including ongoing settlement negotiations;
>
>  c.  commence and conduct any and all construction litigation necessary or appropriate, as directed by the Debtor, to assert rights held by the Debtor, including without limitation any litigation within the bankruptcy cases, in adversary proceedings or in contested matters relating to Everglades; and
>
>  d.  advise the Debtor with respect to any possible settlement of potential unit purchaser claims by or against the Debtor's estates, including the Deposit Litigation Cases.

20.     Siegfried Rivera's services as special counsel are appropriate and necessary to enable the Debtor to execute its duties as debtors and debtors-in-possession faithfully and to implement the restructuring and reorganization of the Debtor.

21.     No promises have been received by Siegfried Rivera or by any member, counsel, or associate thereof as to payment or compensation in connection with these cases, other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Siegfried Rivera has no agreement with any entity to share any compensation received by Siegfried Rivera in connection with these cases, other than with the members, counsel, and associates of Siegfried Rivera.

22.     Based on the foregoing, I respectfully request that an Order be entered authorizing the employment and retention of Siegfried Rivera upon the terms, and to perform the services, described above.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

Oscar R. Rivera

STATE OF FLORIDA                    )
                                                      ) SS:
COUNTY OF MIAMI-DADE       )

The foregoing instrument was acknowledged before me this 24TH day of August, 2009, by Oscar R. Rivera.  He is personally known to me.

Sign Name:
Print Name:     MIRTA M IGLESIAS

Notary Public, State of Florida



MIRTA M. IGLESIAS
MY COMMISSION # DD 878672
EXPIRES: May 20, 2013
Bonded Thru Notary Public Underwriters