# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CABI DOWNTOWN LLC,[1]

      Debtor.

_____/

Case No. 09-27168-BKC-LKI

Chapter 11

**EMERGENCY APPLICATION BY DEBTOR FOR INTERIM AND FINAL ORDERS AUTHORIZING THE EMPLOYMENT AND RETENTION OF MINDY A. MORA AND THE LAW FIRM OF BILZIN SUMBERG BAENA PRICE & AXELROD LLP AS LOCAL BANKRUPTCY COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE AND FOR ENTRY OF A FINAL ORDER ON OR AFTER SEPTEMBER 8, 2009**

**(Emergency Hearing Requested)[2]**
**BASIS FOR EMERGENCY RELIEF**

The above-captioned debtor-in-possession (the "Debtor") requests an emergency hearing in this matter on or before August 27, 2009, to prevent direct, immediate and substantial harm to the Debtor's estates or ability to reorganize that would occur if the Debtor is not authorized to retain counsel without delay so as to ensure a smooth transition into Chapter 11. The Debtor respectfully requests that the Court waive the provisions of Rule 9075-1(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, which require an affirmative statement that a bona fide effort was made to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

CABI Downtown, LLC (the "Debtor"), debtor and debtor in possession, pursuant to

sections 327(a) and 330 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the

---

[1]     The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180. The last four digits of the Debtor's tax identification number are [0838].

[2]     Additional support for expedited relief may be found in Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida granting expedited hearings within two days of filing certain motions in chapter 11 cases, and pursuant to Rule 6003 of the Federal Rules of Bankruptcy Procedure allowing for interim relief to avoid immediate and irreparable harm.

"Bankruptcy Code") and Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully requests entry of interim and final orders, substantially in the form annexed hereto as "Exhibit A" and "Exhibit B", and entry of a final order on or after September 8, 2009, authorizing the Debtor to employ and retain Mindy A. Mora and the law firm of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") *nunc pro tunc* to August 18, 2009 (the "Petition Date"), as its local bankruptcy counsel.  In support of this application, the Debtor submits the Declaration of Mindy A. Mora (the "Mora Declaration"), which is annexed hereto as "Exhibit C".   In further support of this application (the "Application"), the Debtor respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016, and 6003.

## BACKGROUND

**A.      General Background**

4.      On the Petition Date, the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

5.      Since the Petition Date, the Debtor has been operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      As of the date hereof, no creditors' committee has been appointed or designated in this case.  In addition, no request for the appointment of a trustee or examiner has been made.

7.     The Debtor is a limited liability company organized and existing under the laws of the State of Florida.

8.     The controlling member of the Debtor is CABI Holdings, Inc.  The managers of the Debtor are Elias Amkie Levy, Elias Cababie Daniel, Abraham Cababie Daniel, Rafael Harari Tussie, and Jaime Dayan Tawil.

**B.     Everglades on the Bay**

9.     The Debtor is the developer and owner of the luxury residential condominium development known as Everglades on the Bay ("Everglades") in downtown Miami.  Located at 244 Biscayne Boulevard, Everglades contains 849 residential condominium units (the "Condominium Units") in two towers.  Condominium Units range in size from 563 square feet to 4482 square feet and are configured as flats, loft studios, one-bedroom, two-bedroom, three-bedroom, and penthouse units.  The Condominium Units feature a variety of exotic and high-end finishes as well as expansive views of the downtown Miami skyline and Biscayne Bay.

10.     Everglades also contains approximately 60,000 square feet of commercial retail space (the "Retail Space"), which is intended to be developed into a mix of restaurants, upscale retail/service boutiques, and office suites.  Rental spaces within the Retail Space range from 1,000 to 20,000 square feet and front Biscayne Boulevard, Northeast 2nd Street, or Northeast 3rd Street.

11.     Designed as a center of upscale urban living, Everglades includes a 15,000 square foot spa with sauna and steam room, a fitness center, three swimming pools (including a lagoon pool with a bar overlooking the bay), a billiard room, a private residence lounge, and other similar upscale amenities.  The building also offers 24-hour valet service, computerized security-controlled elevators, and a fully-equipped multi-function business center.

12.     As of the date hereof, the Debtor has closed on the sale of 86 units in Everglades. In addition, the Debtor continues to actively market the remaining Condominium Units.  The Debtor intends to establish a procedure for the consummation of future sales that maximizes the return to the estate while protecting the interests of all creditors.

**C.     Reasons for Filing**

13.     The Debtor filed Chapter 11 because of (a) the declining real estate market, (b) its inability to reduce condominium prices in response to these changing market conditions, and (c) its inability, due to circumstances beyond the Debtor's control, to renew, repay, or refinance its secured mortgage debt owed to Bank of America, which matured in March 2009.  In the past year, potential purchasers of condominiums at Everglades have sought significant purchase price reductions.  Because the Debtor's lenders have refused to grant the Debtor relief from minimum lien release price covenants in the operative construction loan agreement, the Debtor has been stymied from generating significantly more closings at realistic market levels.  Consequently, many of the purchasers that paid 20% pre-construction deposits have cancelled their purchases rather than pay the prices demanded by the lenders.  Had the Debtor been able to reduce purchase prices as market conditions deteriorating, the Debtor believes that it would have been able to repay all or a substantial portion of the construction loan and averted Chapter 11.

<u>**RELIEF REQUESTED**</u>

14.     By this Application, the Debtor seeks immediate entry of an interim order, and entry of a final order on or after September 8, 2009, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 6003, and Local Rules 2014-1 and 2016-1, authorizing the Debtor to employ and retain Mindy A. Mora, Esq. and the law firm of Bilzin Sumberg as its local bankruptcy counsel in this chapter 11 case.  Bilzin Sumberg will jointly

represent the Debtor with proposed co-counsel Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz Benson").

## BASIS FOR RELIEF

15.     Representation of the Debtor by Bilzin Sumberg as its local bankruptcy counsel, along with general bankruptcy counsel Kasowitz Benson, is both critical to the success of the Debtor's reorganization and in the best interests of the Debtor's estate.  The Debtor desires to employ Bilzin Sumberg under a general retainer because of the extensive legal services that will be required in connection with this chapter 11 case and the firm's familiarity with the Debtor's business.

**Bilzin Sumberg's Qualifications**

16.     Bilzin Sumberg has been actively involved in many major chapter 11 cases and has represented debtors in numerous cases, including, among others, *In re Fontainebleau Las Vegas Holdings, LLC*, Case No. 09-21481-BKC-AJC (Bankr. S.D. Fla. June 9, 2009), *In re Presidential Club, LLLP*, Case No.  09-21399-BKC-RAM (Bankr. S.D. Fla. June 9, 2009), *In re Tradewinds Airlines, Inc.*, Case No. 08-20394-BKC-AJC (Bankr. S.D. Fla. July 25, 2008), *In re America Capital Corporation*, Case No. 06-12645-BKC-AJC (Bankr. S.D. Fla. June 19, 2006), *In re Dedicated Resources, Inc.,* Case No. 01-36036-BKC-PGH (Bankr. S.D. Fla. Nov. 13, 2001), *In re Green Isle Partners Ltd., S.E.,* Case No. 01-24693-BKC-RBR (Bankr. S.D. Fla. June 25, 2001), and *In re Richland Mills, Inc.*, Case No. 99-14900-BKC-AJC (Bankr. S.D. Fla. Apr. 20, 1999).

17.     Prior to commencement of this chapter 11 case, the Debtor sought the services of Bilzin Sumberg with respect to, among other things, advice regarding restructuring matters in general, and preparation for the potential commencement and prosecution of a chapter 11 case for the Debtor.    The Debtor believes that continued representation by its pre-petition

restructuring co-counsel, Bilzin Sumberg, is critical to the Debtor's efforts to restructure its businesses because Bilzin Sumberg has extensive experience and expertise in complex commercial reorganization cases and in Florida real estate issues, and has become familiar with the Debtor's business, legal, and financial affairs.  Accordingly, Bilzin Sumberg is well-suited and uniquely able to work with Kasowitz Benson in guiding the Debtor through the chapter 11 process in an efficient and timely manner.

**Services to be Provided**

18.    Subject to further order of the Court, Bilzin Sumberg and co-counsel Kasowtiz Benson will provide the Debtor with various legal services relating to the prosecution of this chapter 11 case.  Specifically, Bilzin Sumberg and Kasowitz Benson will, without limitation:

(i)    advise the Debtor with respect to its powers and duties as debtor and debtor-in-possession in the continued management and operation of its business and property;

(ii)    attend meetings and negotiate with representatives of creditors and other parties-in-interest;

(iii)    advise and consult on the conduct of the chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

(iv)    advise the Debtor in connection with any contemplated sales of assets or business combinations, including the negotiation of sales promotion, liquidation, stock purchase, merger or joint venture agreements, formulate and implement bidding procedures, evaluate competing offers, draft appropriate corporate documents with respect to the proposed sales, and counsel the Debtor in connection with the closing of such sales;

(v)    advise and represent the Debtor in connection with obtaining post-petition financing and making cash collateral arrangements, provide advice and counsel with respect to pre-petition financing arrangements, and provide advice to the Debtor in connection with the emergence financing and capital structure, and negotiate and draft documents relating thereto;

(vi)    analyze (a) the Debtor's leases and contracts and the assumptions, rejections, or assignments thereof and (b) the validity of liens against the Debtor's assets, and advise the Debtor on matters relating thereto;

(vii)    advise the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business including attendance at senior management meetings,

meetings with the Debtor's financial and turnaround advisors and meetings of the board of directors;

(viii)    consult with the Debtors on Florida real estate and land use issues and perform various tasks related thereto;

(ix)    take all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any actions commenced against the Debtor or its estate, and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is or may be involved, including objections to claims filed against the Debtor's estate;

(x)    prepare pleadings in connection with this chapter 11 case on the Debtor's behalf, including all motions, applications, answers, orders, reports and papers necessary to the administration of the Debtor's estate;

(xi)    negotiate and prepare on the Debtor's behalf a chapter 11 plan of reorganization or liquidation, disclosure statement and all related agreements and/or documents, and take any necessary actions on behalf of the Debtor to obtain confirmation of such plan;

(xii)    attend meetings with third parties and participate in negotiations with respect to the above matters;

(xiii)    appear before the Court, any appellate courts, and the U.S. Trustee to protect and represent the interests of the Debtor's estate before such courts and the U.S. Trustee; and

(xiv)    perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 11 case.

19.    By separate applications filed substantially contemporaneously herewith, the Debtor seeks to retain Kasowitz Bension as its general bankruptcy counsel.  Bilzin Sumberg will work closely with Kasowitz Benson and any special counsel retained by the Debtor to ensure there is no duplication of effort with respect to each firm's respective duties.

20.    The Debtor requests the employment and retention of Bilzin Sumberg because Bilzin Sumberg's services are necessary to enable the Debtor to faithfully execute its duties as debtor-in-possession and Bilzin Sumberg is willing to act on the Debtor's behalf as set forth above.

**Professional Compensation**

21.     Bilzin Sumberg intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in connection with the Debtor's chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee for the Southern District of Florida, and any other applicable procedures and orders of the Court, including sections 330, 331 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016.  Bilzin Sumberg will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in these cases at the then-current hourly rate charged for such services, with Bilzin Sumberg's compensation to be finally fixed by the Court pursuant to 11 U.S.C. § 330.

22.     Bilzin Sumberg's hourly rates are set at a level designed to fairly compensate Bilzin Sumberg for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.  In particular, Bilzin Sumberg's current hourly rates for matters similar to these chapter 11 cases range as follows:

| Billing Category | Range |
| --- | --- |
| Partners | $370 - $700 |
| Of Counsel | $375 - $510 |
| Associates | $225 - $365 |
| Paraprofessionals | $190 - $205 |

23.     The following professionals are presently expected to have primary responsibility for providing services to the Debtor: Mindy A. Mora and Jason Z. Jones. In addition, as necessary, other Bilzin Sumberg professionals and paraprofessionals will provide services to the Debtor.

24.    Consistent with its duties as co-counsel for the Debtor and the firm's policy with respect to its other clients, Bilzin Sumberg will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

25.    In the time leading up to the filing of the bankruptcy case, Bilzin Sumberg has provided legal services to the Debtor, including insolvency and pre-petition services.  On August 18, 2009, Bilzin Sumberg received a retainer in the amount of $150,000.

26.    On August 18, 2009, prior to the filing of the bankruptcy case, Bilzin Sumberg deducted from the retainer a payment in the amount of $39,313.66 for services rendered and costs incurred prepetition.

27.    The Debtor does not owe Bilzin Sumberg any amounts for legal services rendered or costs incurred before the Petition Date.

28.    Other than as set forth herein and in the Mora Declaration, no arrangement is proposed between the Debtor and Bilzin Sumberg for compensation to be paid in this case, and no agreement or understanding exists between Bilzin Sumberg and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the cases.

29.    No previous request for the relief sought in this Application has been made to this Court or any other court.

**Bilzin Sumberg's Disinterestedness**

30.    To the best of the Debtor's knowledge, Bilzin Sumberg does not hold or represent any interest adverse to the Debtor on any matters in which the firm is to be engaged.  Bilzin Sumberg has disclosed its past and present connections with the Debtor, creditors, parties in interest and their respective attorneys and accountants, as more fully set forth in the attached Mora Declaration.  Bilzin Sumberg has advised the Debtor that it does not and has not represented such parties in any matter whatsoever relating to this case or the Debtor except as set forth in the Mora Declaration.  The Debtor does not believe that Bilzin Sumberg's past and present connections with the parties set forth in the Mora Declaration will in any way impair Bilzin Sumberg's representation of the Debtor, nor does the Debtor believe that such connections constitute representation of entities having an adverse interest in connection with the case.

31.    The Debtor is aware that Bilzin Sumberg currently represents Cabi Developers LLC and certain of its affiliates in matters unrelated to the Debtor.  The Debtor does not view Bilzin Sumberg's representation of Cabi Developers LLC and certain of its affiliates as a conflict with Bilzin Sumberg's representation of the Debtor.

32.    To the best of the Debtor's knowledge and as disclosed herein and in the Mora Declaration: (a) Bilzin Sumberg is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; (b) Bilzin Sumberg does not hold or represent any interest adverse to the Debtor's estate; and (c) Bilzin Sumberg has no connection to the Debtor, its affiliates, its creditors, the U. S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest, or their respective attorneys and accountants.

33.    Bilzin Sumberg will periodically review its files during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If

any new relevant facts or relationships are discovered or arise, Bilzin Sumberg will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## AUTHORITY IN SUPPORT OF RELIEF REQUESTED

34.    Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession, subject to Court approval "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title."  11 U.S.C. § 327(a); *see also* 11 U.S.C. §§ 1107, 1108.

35.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014.

36.    Pursuant to Bankruptcy Rule 6003, a court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm. Bankruptcy Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first 20 days of a chapter 11 case.  In accordance with Bankruptcy Rule 6003, this Court has entered the form of interim relief sought in this Application.  *See, e.g., In re Fontainebleau Las Vegas Holdings, LLC*, Case No. 09-21481-BKC-AJC (Bankr. S.D. Fla. June 16, 2009) [D.E. # 88] (approving retention of legal counsel on an

interim basis on similar terms within the first 20 days of a chapter 11 case) ; *In re TOUSA, Inc.*, Case No. 08-10928 (Bankr. S.D. Fla. Jan. 31, 2008) [D.E. #115] (same); *In re First NLC Fin. Servs., LLC*, 382 B.R. 547, 549-50 (Bankr. S.D. Fla. 2008) (same).

37.     Interim relief is clearly justified and appropriate in the context of this Application. Not only is the relief sought justified, it is necessary.  A business entity, such as a limited liability company, must be represented by counsel to appear in court because it is merely an artificial entity that can only act through its agents and thus may not appear *pro se*.  *See First NLC*, 382 B.R. at 549-50; *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*  474 U.S. 1058 ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel."); *K.M.A., Inc. v. General Motors Acceptance Corp. (In re K.M.A., Inc.)*, 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel.") (citations omitted); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se.*") (citations omitted); Local Rule 9010-1(B)(1) ("A corporation, partnership, trust, or other business entity cannot appear or act on its own behalf without an attorney in a case or proceeding . . . .").

38.     Without counsel, the Debtor cannot proceed with this chapter 11 case and its efforts in seeking bankruptcy protection will be materially harmed.  Failure to secure the critical relief needed in the earliest stages of this chapter 11 case will surely cause immediate and irreparable harm to the Debtor, its creditors, and other parties in interest because the progress made in the first twenty days of these chapter 11 cases will be a determinative factor in the ultimate outcome of this case.

39.    In addition, the Debtor will need counsel's advice with respect to many of its key operating issues during the first twenty days of this chapter 11 case.  Among other things, the Debtor will need Bilzin Sumberg's assistance in stabilizing business operations, implementing a communications program to calm the nerves of tenants, unit purchasers, and suppliers, negotiating with key creditor constituencies, utilizing the tools available in chapter 11 to restructure the Debtor's operations and constructing a business plan and plan of reorganization. Failure to have all of Bilzin Sumberg's resources readily available during the first twenty days of this case will severely hamper the Debtor's initial restructuring efforts and could jeopardize the ultimate outcome of this case.

40.    Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order, substantially in the form annexed hereto as "Exhibit A," authorizing the Debtor to retain and employ Bilzin Sumberg on an interim basis and to compensate Bilzin Sumberg for any services rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that may be established in this case.  This interim form of relief ensures the availability of Bilzin Sumberg's full resources to the Debtor during a critical period in this case, while preserving the ability of all parties in interest, including the U. S. Trustee, to object to this Application on a final basis.  The form of proposed interim order granting this Application annexed hereto as "Exhibit A" clearly and unequivocally preserves any objections of all creditors and parties in interest to the final hearing on this Application and further provides that any such objections will be considered *de novo*.  No party is prejudiced by the limited relief sought by this Application and the objective of the drafters of Bankruptcy Rule 6003 is not frustrated.

**NOTICE**

41.     The Debtor will provide notice of this motion to all parties on the Master Service List as defined in Local Rule 2002-1(H) and all parties known to be directly affected by the relief requested herein.  In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court grant the Application and (i) enter an interim Order immediately, and a final Order on or after September 8, 2009, authorizing the Debtor's retention of Mindy A. Mora, Esq. and the law firm of Bilzin Sumberg Baena Price & Axelrod LLP upon the terms outlined in this Application on an interim basis *nunc pro tunc* to the Petition Date, and (ii) granting such other and further relief as is just and proper.

Dated: August 24, 2009

Respectfully Submitted,

CABI DOWNTOWN, LLC.

By:_____
Elias Amkie Levy, Manager

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
*Proposed Counsel for the Debtors*
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile:  (305) 374-7593

By:____/s Mindy A. Mora
　　　Mindy A. Mora
　　　Florida Bar No. 678910
　　　Jason Z. Jones
　　　Florida Bar No. 186554

- and -

KASOWITZ, BENSON, TORRES & FRIEDMAN
LLP
*Proposed Counsel for the Debtor*
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Andrew K. Glenn
N.Y. Bar No. 2767374
*(pro hac vice pending)*
Jeffrey R. Gleit
N.Y. Bar No. 3928371
*(pro hac vice pending)*

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

In re:

CABI DOWNTOWN LLC,[1]

Case No. 09-27168-BKC-LKI

Chapter 11

       Debtor.

_____/

## [PROPOSED] INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BILZIN SUMBERG BAENA PRICE & AXELROD LLP AS LOCAL BANKRUPTCY COUNSEL FOR THE DEBTOR _NUNC PRO TUNC_ TO THE PETITION DATE

THIS MATTER came before the Court on August __, 2009 at __ _.m. upon the

Application By Debtor for Interim and Final Orders Authorizing the Employment and Retention

of Mindy A. Mora and the Law Firm of Bilzin Sumberg Baena Price & Axelrod LLP as Local

Bankruptcy Counsel for the Debtor _Nunc Pro Tunc_ to the Petition Date and Entry of a Final

Order on or After September 8, 2009 (the "Application") [D.E. #__], pursuant to § 327(a) of

Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); it appearing that the relief requested by the Application is necessary to avoid immediate and irreparable harm to the Debtor and its estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application and the Declaration of Mindy A. Mora, (the "Mora Declaration"); the Court being satisfied based upon the representations made in the Application and the Mora Declaration that (a) Bilzin Sumberg does not hold or represent an interest adverse to the Debtor's estate and (b) Bilzin Sumberg is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code and Local Rule 2014-1; due and proper notice of the Application having been provided, it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is **ORDERED** that:

1.     The Application is **GRANTED** on an interim basis, *nunc pro tunc* to August 18, 2009.

2.     The Debtor is authorized to employ and retain Bilzin Sumberg as its local bankruptcy counsel in accordance with the terms and conditions set forth in the Application and this Order.

---

[1]     The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180. The last four digits of the Debtor's tax identification number are [0838].

3.      Bilzin Sumberg shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

4.      A final hearing on the Application is scheduled for _____, 2009 at _____m., prevailing Eastern Time, before this Court (the "Final Application Hearing") in Room _____, 51 S.W. First Avenue, Miami, Florida 33130. Any party in interest objecting to the relief sought in the Motion shall serve and file written objections, which objections shall be served upon (a) the Debtor, c/o CABI DOWNTOWN, LLC, 19950 West Country Club Drive, Suite 900, Aventura, Florida  33180, Attn: Elias A. Levy; (b) Bilzin Sumberg Baena Price & Axelrod LLP, 200 S. Biscayne Blvd., Suite 2500, Miami, FL 33131, Attn: Mindy A. Mora, Esq.; (c) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Ave., Room 1204, Miami, FL 33130, (d) the entities listed on the Master Service List filed pursuant to Local Bankruptcy Rule 2002-1(K), and (e) counsel to an Official Unsecured Creditors Committee, if one had been appointed (collectively, the "Notice Parties") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than _____ at _____, prevailing Eastern Time.

5.      In the event the Application is not granted on a final basis, Bilzin Sumberg shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing. Any party in interest may object to the fee application; *provided, however,* that such party shall file such objection with this Court and serve a copy of the objection upon the Notice Parties.

6.     The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion.

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

8.     Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Application Hearing. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

###

Submitted by:
Mindy A. Mora, Esq.
Bilzin Sumberg Baena Price & Axelrod, LLP
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131

Copy furnished to:
Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

Case No. 09-27168-BKC-LMI

CABI DOWNTOWN LLC,[1]

Chapter 11

Debtor.
_____/

**[PROPOSED] FINAL ORDER AUTHORIZING THE DEBTOR TO RETAIN AND**
**EMPLOY BILZIN SUMBERG BAENA PRICE & AXELROD LLP AS LOCAL**
**BANKRUPTCY COUNSEL FOR THE DEBTOR**
***NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application") [D.E. # __] of the above

captioned debtors and debtors-in-possession (collectively, the "Debtor ") for entry of interim and

final orders authorizing the Debtor to retain and employ Bilzin Sumberg Baena Price & Axelrod

---

[1] The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180. The last four digits of the Debtor's tax identification number are [0838].

LLP ("Bilzin Sumberg") as local bankruptcy counsel for the Debtor, pursuant to §§ 327(e), 328(a) and 330 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2014(a), 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and upon consideration of the *Declaration of Mindy A. Mora* in support of the Application, and having found that Bilzin Sumberg does not represent an interest adverse to the Debtor or its estates on the matters for which they are being employed, and that Bilzin Sumberg disclosed any connections with parties as required by Bankruptcy Rule 2014; and it appearing that the relief requested is necessary and in the best interests of the Debtor's estates, its creditors and all other parties-in-interest; and due and sufficient notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore,

IT IS ORDERED that:

1.      The Application IS GRANTED *nunc pro tunc* to the Petition Date.

2.      The Debtor is authorized to retain and employ Bilzin Sumberg as its local bankruptcy counsel in accordance with the terms and conditions set forth in the Application.

3.      Bilzin Sumberg is authorized to render the professional services to the Debtor as set forth in the Application.

4.      Bilzin Sumberg shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 cases subject to the allowance of professional fees and compensation as set forth in § 330 of the Bankruptcy Code, and in compliance with the remaining provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any Order of this Court.

5.      The Debtor is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Mindy A. Mora, Esq.
Fla. Bar No. 678910
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Blvd., Suite. 2500
Miami, FL 33131
Tel: (305) 374-7580
Fax: (305) 375-7593
E-mail: mmora@bilzin.com

Copies to: Mindy A. Mora, Esq.
*(Attorney Mora shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

CABI DOWNTOWN LLC,[1]

        Debtor.
_____/

Case No. 09-27168-BKC-LKI

Chapter 11

**DECLARATION OF MINDY A. MORA, ESQ. ON BEHALF OF BILZIN SUMBERG
BAENA PRICE & AXELROD LLP IN SUPPORT OF APPLICATION BY DEBTOR
FOR INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
MINDY A. MORA AND THE LAW FIRM OF BILZIN SUMBERG BAENA PRICE &
AXELROD LLP AS LOCAL BANKRUPTCY COUNSEL FOR THE DEBTOR *NUNC
PRO TUNC* TO THE PETITION DATE AND FOR ENTRY OF A FINAL
ORDER ON OR AFTER SEPTEMBER 8, 2009**

        I, Mindy A. Mora, declare and state as follows pursuant to 28 U. S. C. § 1746:

        1.        I am an attorney and partner of the law firm of Bilzin Sumberg Baena Price &

Axelrod, LLP ("Bilzin Sumberg").  Bilzin Sumberg maintains offices for the practice of law at 200

Biscayne Boulevard, Suite 2500, Miami, Florida 33131.  I am familiar with the matters set forth

herein and make this Declaration in support of the Application by CABI Downtown, LLC (the

"Debtor") for Interim Order Authorizing the Employment and Retention of Mindy A. Mora and the

Law Firm of Bilzin Sumberg Baena Price & Axelrod LLP as Local Bankrutpcy Counsel for the

Debtor and Debtor-in-Possession *Nunc Pro Tunc* to the Petition Date and for Entry of a Final Order

On or After September 8, 2009 (the "Application").

        2.        In support of the Application, I disclose the following:

-----

        [1]        The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL
33180.  The last four digits of the Debtor's tax identification number are [0838].

MIAMI 1918933.4 7865532451

A.      Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

B.      In preparing this Declaration, I have reviewed the list of creditors and the sole member of the Debtor provided to us by the Debtor.   Bilzin Sumberg maintains a computerized conflicts check system.  Bilzin Sumberg has compared the information obtained thereby with the information contained in its client and adverse party conflict check system.  The facts stated in this Declaration as to the relationship between Bilzin Sumberg and the Debtor, the Debtor' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of Bilzin Sumberg's conflict check system.  Based upon such search,[2] Bilzin Sumberg does not represent any entity in any matter involving or adverse to the Debtor or which would constitute a conflict of interest or impair the disinterestedness of Bilzin Sumberg in respect of its representation of the Debtor herein.

3.      Bilzin Sumberg's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by Bilzin Sumberg, and it is the regular practice of Bilzin Sumberg to make and maintain these records.  The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I regularly use and rely upon the information contained in the system in the performance of my duties with Bilzin Sumberg and in my practice of law.

---

[2]      In addition to checking the firm's computerized conflict checking system, I caused to be sent an electronic mail message to every attorney and paraprofessional who is employed by Bilzin Sumberg, which message identified each of the parties in interest in this case and asked such attorneys to inform me if they recognized any connections between themselves and/or Bilzin Sumberg.  All responses are reflected herein.

4.      Neither I nor Bilzin Sumberg represent any interest adverse to the Debtor, or the estates, and we are disinterested persons within the scope and meaning of Section 101(14) of the Bankruptcy Code as required by 11 U.S.C. § 327(a).  Other than as set forth in the Application, and as set forth herein and in Exhibit "1" attached hereto, Bilzin Sumberg does not have any connections with the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.

5.      Bilzin Sumberg currently represents Cabi Developers LLC and certain of its affiliates in matters unrelated to the Debtor.  I have advised the Debtor of the representation, and do not believe that such representation affects Bilzin's Sumberg's disinterestedness.

6.      The current hourly rates for the attorneys at the Firm range from $225 to $700. The current hourly rates of Mindy A. Mora and Jason Z. Jones, the partners who will be principally responsible for the representation of the Debtor, are $520 and $390 respectively.  The current hourly rates for the Firm's legal assistants and paralegals range from $190 to $205 per hour.   The Firm typically adjusts its hourly rates annually on January 1st.

7.      Neither I nor Bilzin Sumberg has or will represent any other entity in connection with this case, and neither I nor Bilzin Sumberg will accept any fee from any other party or parties in this case, except the Debtor, unless otherwise authorized by the Court.

8.      Pursuant to 11 U.S.C. § 329(a), Bilzin Sumberg discloses that all services rendered by Bilzin Sumberg and compensation received from the Debtor has been in contemplation of and in connection with the filing of this voluntary chapter 11 case and administration of this chapter 11 case.  On August 17, 2009, prior to the filing of the bankruptcy case, Bilzin Sumberg received the sum of $150,000 as a retainer for its services to be rendered and for costs to be incurred as counsel for Debtor.  From that retainer, Bilzin Sumberg received a

payment in the amount of $39,313.66 for all of its for services rendered and costs incurred prepetition.  There are no additional amounts due Bilzin Sumberg in respect of its prepetition fees and costs.

9.      The professionals' fees and costs to be incurred by Bilzin Sumberg in the course of its representation of the Debtor in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 330 and 331 and FED. R. BANK. P. 2014 and 2016.

10.     There is no agreement of any nature as to the sharing of any compensation to be paid to Bilzin Sumberg, except between the attorneys of Bilzin Sumberg.  No promises have been received by Bilzin Sumberg, nor any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

11.     No attorney at Bilzin Sumberg holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

12.     No attorney at Bilzin Sumberg is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

13.     No attorney at Bilzin Sumberg is in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

14.     No attorney at Bilzin Sumberg is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

15.     No attorney at Bilzin Sumberg is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

16.    No attorney at Bilzin Sumberg has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the Petition Date.

17.    Other than as set forth herein no attorney at Bilzin Sumberg has any other interest, direct or indirect, that may be affected by the proposed representation.

18.    I have read the Application and affirm all factual statements made therein as true, accurate and correct.

FURTHER AFFIANT SAYETH NAUGHT.

Mindy A. Mora
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone:  (305) 374-7580
Facsimile:   (305) 374-7593
mmora@bilzin.com

STATE OF FLORIDA                         )
                                         ) SS:
COUNTY OF MIAMI-DADE                     )

The foregoing instrument was acknowledged before me this 24th day of August, 2009, by Mindy A. Mora.  She is personally known to me.

Sign Name:
Print Name:           LILY APARICIO
                  Notary Public, State of Florida



LILY APARICIO
MY COMMISSION # DD 469842
EXPIRES: October 15, 2009
Bonded Thru Pichard Insurance Agency

**Exhibit 1**

**EXHIBIT "1"**

| Party-in-Interest | Client (or Client Affiliate)/ Unrelated Matters | Adverse (or Adverse Affiliate)/ Unrelated Matters | Creditor/Class member Unrelated Matters |
|---|---|---|---|
| Bank of America and affiliated companies | Former client and client affiliate in closed unrelated matters. | Adverse in former and current unrelated matters | Creditor/class member in current unrelated matters. |
| Elias L. Amkie | Client affiliate in current and former unrelated matters. | | |
| Elias Cababie Daniel | Client affiliate in current and former unrelated matters. | | |
| Abraham Cababie Daniel | Client affiliate in current and former unrelated matters. | | |
| Continental Property Group, LLC* | | Adverse in current unrelated matter. | |
| Grupo Gicsa, S.A., de CV | Client affiliate in former unrelated matters. | | |
| Kasowitz Benson Torres & Friedman LLP | Co-counsel in current unrelated matter. | | Creditor/class member in former unrelated matters. |
| American Insurance Group* | | Adverse in current and former unrelated matters. | Creditor/class member in former unrelated matters. |
| Greenberg Traurig P.A. | Client in former unrelated matter. | Opposing firm in various current and former unrelated matters. | Creditor/class member in unrelated matters. |
| Fedex | | Adverse and adverse affiliate in former and current unrelated matters. | Creditor/class member in former and current unrelated matters. |
| T-Square Express | | Adverse in current unrelated matters. | |
| AGI, Inc.* | | Adverse affiliate in current and former unrelated matters. | |

\* Name searched and results from Conflict Check System are not identical; however, out of an abundance of caution, the results are disclosed herein.

\*\* Name searched is a very common name.  Results disclosed out of an abundance of caution but may not be the same person.

| Party-in-Interest | Client (or Client Affiliate)/ Unrelated Matters | Adverse (or Adverse Affiliate)/ Unrelated Matters | Creditor/Class member Unrelated Matters |
|---|---|---|---|
| Canon Financial Services, Inc. | | Adverse in current unrelated matters. | Creditor/class member in current unrelated matter. |
| Zephyrhills Water | | Adverse in current and former unrelated matters. | Creditor/class member in former and current unrelated matters. |
| Holland & Knight | Client in former unrelated matter. | Adverse and opposing firm in current and former unrelated matters. | |
| Pitney Bowes and affiliated companies | | Adverse in former and current unrelated matters. | Creditor/class member in former and current unrelated matters. |
| GE Capital and affiliated companies* | Client in former unrelated matters | Adverse in former and current unrelated matters. | Creditor/class member in former and current unrelated matters |
| Paul Puig Group | | Adverse in former unrelated matter. | |
| Kaderabek Company | Client affiliate in former unrelated matter. | | |
| CSA, Inc.* | | Adverse in former unrelated matter. | |
| USA Parking | | Adverse in current unrelated matter. | |
| Siegfried, Rivera, Lerner | | Opposing firm in current unrelated matters. | |
| Dell Commercial Credit | | Adverse in current unrelated matter. | |
| AON Risk Service | | Adverse in current and former unrelated matters. | |
| Cabi Developers LLC and other affiliated companies | Client and client affiliate in current and former unrelated matters. | | |

* Name searched and results from Conflict Check System are not identical; however, out of an abundance of caution, the results are disclosed herein.

** Name searched is a very common name.  Results disclosed out of an abundance of caution but may not be the same person.

| Party-in-Interest | Client (or Client Affiliate)/ Unrelated Matters | Adverse (or Adverse Affiliate)/ Unrelated Matters | Creditor/Class member Unrelated Matters |
|---|---|---|---|
| Florida Engineering Services* | | Adverse in former unrelated matter. | |
| Gryphon Construction | | Adverse in current unrelated matter. | |
| Inspection and Valuation International | | Adverse in current unrelated matter. | |
| Sign-A-Rama | | | Creditor/class member in current unrelated matter. |
| ATC International, Inc.* | | Adverse in current unrelated matter. | |
| PAETEC | | Adverse in current and former unrelated matters. | Creditor/class member in current unrelated matters. |
| DHL and affiliated companies | | Adverse in current and former unrelated matters. | Creditor/class member in current unrelated matters. |
| CIT Technology Financial | | Adverse in current and former unrelated matters. | |
| Service Master Restoration Service* | | Adverse in current unrelated matters. | |
| Attwood Phillips, Inc.* | | Adverse in former unrelated matter. | |
| Ameris Best Home, Inc. | | Adverse affiliate in current unrelated matter. | |
| Eduardo Rodriguez** | Client affiliate and contact person in former unrelated matters. | Adverse affiliate in current unrelated matters. | |
| Marcus Saiz de la Mora | | Adverse in current unrelated matter. | |
| Frank Jacobs** | | Adverse in former unrelated matter. | |
| Bostic Steel, Inc. | | Adverse in current unrelated matter. | |
| Executive Drywall, Inc. | | Adverse in current unrelated matter. | |

\* Name searched and results from Conflict Check System are not identical; however, out of an abundance of caution, the results are disclosed herein.

\*\* Name searched is a very common name.  Results disclosed out of an abundance of caution but may not be the same person.

| Party-in-Interest | Client (or Client Affiliate)/ Unrelated Matters | Adverse (or Adverse Affiliate)/ Unrelated Matters | Creditor/Class member Unrelated Matters |
|---|---|---|---|
| Coastal Construction Products, Inc. | | | Listed as a Creditor/class member in a potential client/matter. |
| Thyssenkrupp Elevator | | Adverse in current unrelated matters. | |
| Daniel Martinez** | | | Referral source in former unrelated matter. |
| Emilio Cardenal** | Client in current unrelated matter. | | |
| Francisco Perez** | | Adverse in current and former unrelated matters. | |
| Pedro Acosta** | Client in former unrelated matter. | | |
| Phil Smith** | Client affiliate in former unrelated matter. | Adverse in former unrelated matter. | |
| Rafael Garcia** | | Adverse in former and current unrelated matters. | Creditor/class member in current and former unrelated matters. |
| Richard Williams** | | Adverse in former unrelated matters. | |
| Roberto Rodriguez** | Client affiliate in unrelated matter. | Adverse in current unrelated matter. | |
| Jorge Rodriguez** | | Adverse and adverse affiliate in current and former unrelated matters. | |
| Jose Espejo** | | Adverse in former unrelated matter. | |
| Jose Soza** | | Adverse in former unrelated matter. | |
| Jose Zapata** | | Adverse in former unrelated matter. | |
| Julio Febres** | | Adverse in former | |

\* Name searched and results from Conflict Check System are not identical; however, out of an abundance of caution, the results are disclosed herein.

\*\* Name searched is a very common name.  Results disclosed out of an abundance of caution but may not be the same person.

| Party-in-Interest | Client (or Client Affiliate)/ Unrelated Matters | Adverse (or Adverse Affiliate)/ Unrelated Matters | Creditor/Class member Unrelated Matters |
|---|---|---|---|
| | | unrelated matter. | |
| Samuel Levy** | | | Contact in former unrelated matter. |
| Joseph Smith** | Client in unrelated matter. | Adverse in current unrelated matters. | |
| Walter Zavilensky | | Adverse in former unrelated matter. | |
| Elaina Zavilensky | | Adverse in former unrelated matter. | |
| Abel Bermejo** | | Adverse in current unrelated matter. | |
| ACAR Enterprises, Inc. | | Adverse in current unrelated matter. | |
| Adela Fajardo** | | Adverse in former unrelated matter. | |
| Alan Tempkins ** | | Opposing counsel in former unrelated matter. | |
| Antoinette Nobile** | | Adverse in former unrelated matter. | |
| Cruz Hernandez** | | Adverse in former unrelated matter. | |
| Avi Bittan** | | | Client contact in former unrelated matter. |
| Carlos Romero** | Client affiliate in former unrelated matters. | | |
| Maria Alvarez** | Client affiliate in former unrelated matter. | | |
| Franklin Lopez** | | Adverse in current and former unrelated matters. | |
| Carlos Martinez** | Client affiliate in current and former unrelated matters. | Adverse in current unrelated matters. | |
| Vivian Wang** | | Adverse in current unrelated matters. | |

\* Name searched and results from Conflict Check System are not identical; however, out of an abundance of caution, the results are disclosed herein.

\*\* Name searched is a very common name.  Results disclosed out of an abundance of caution but may not be the same person.

| Party-in-Interest | Client (or Client Affiliate)/ Unrelated Matters | Adverse (or Adverse Affiliate)/ Unrelated Matters | Creditor/Class member Unrelated Matters |
|---|---|---|---|
| Francisco Fernandez-Llanio | | Adverse in current unrelated matter. | |
| Frank Robles** | Client affiliate in former unrelated matter. | | |
| Maria Garcia** | | Adverse in former unrelated matter. | |
| Ignacio Ayala** | | Adverse in former unrelated matter. | |
| Maria Hernandez** | | Adverse in former unrelated matter. | |
| Manual Martinez** | Client and client affiliate in current and former unrelated matters. | Adverse in current unrelated matter. | |
| Alex Espinoza** | | Adverse in former unrelated matters. | |
| Michael Miller** | | Adverse and adverse affiliate in former unrelated matters. | |
| Pedro Acosta** | Client in former unrelated matter. | | |
| Rafael Perez** | | Adverse in current and former unrelated matters. | Creditor/class member in former and current unrelated matters. |

\* Name searched and results from Conflict Check System are not identical; however, out of an abundance of caution, the results are disclosed herein.

\*\* Name searched is a very common name.  Results disclosed out of an abundance of caution but may not be the same person.