# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11

CABI DOWNTOWN, LLC,

                                                        Case No.  09-27168-BKC-LMI

               Debtor.

_____/

**EMERGENCY APPLICATION BY DEBTOR FOR INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KASOWITZ, BENSON, TORRES & FRIEDMAN LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE AND FOR ENTRY OF A FINAL ORDER**

## (Emergency Hearing Requested)[1]
### BASIS FOR EMERGENCY RELIEF

>        The above-captioned debtor and debtor-in-possession (the "Debtor") requests an emergency hearing in this matter on or before August 27, 2009, to prevent direct, immediate and substantial harm to the Debtor's estate or ability to reorganize that would occur if the Debtor is not authorized to retain counsel without delay so as to ensure a smooth transition into Chapter 11. The Debtor respectfully requests that the Court waive the provisions of Rule 9075-1(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, which require an affirmative statement that a bona fide effort was made to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

        Cabi Downtown, LLC ("Cabi" or the "Debtor"), as debtor and debtor-in-possession, by and through undersigned counsel, files this application (the "Application"), pursuant to Sections 327(a), 328(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code" ), Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure

---

[1]        Additional support for expedited relief may be found in Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida granting expedited hearings within two days of filing certain motions in chapter 11 cases, and pursuant to Rule 6003 of the Federal Rules of Bankruptcy Procedure allowing for interim relief to avoid immediate and irreparable harm.

(the "Bankruptcy Rules"), respectfully requesting the entry of an interim order, substantially in the form annexed hereto as Exhibit "A", and entry of a final order substantially in the form annexed hereto as Exhibit "B", on or after September 8, 2009, authorizing the Debtor to retain and employ Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), *nunc pro tunc* to the Petition Date, as general bankruptcy counsel to the Debtor.  In support of this Application, the Debtor relies upon the *Declaration of Andrew K. Glenn* (the "Glenn Declaration"), a copy of which is annexed hereto as Exhibit "C" and respectfully represents the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The principal statutory predicates for the relief requested herein are Bankruptcy Code Sections 327(a) and Bankruptcy Rules 2014, 2016 and 6003.  Additional authority for the relief requested herein may exist under sections 105, 328, and 1107 of the Bankruptcy Code.

## BACKGROUND

### A.      General Background

3.      On the Petition Date, the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4.      Since the Petition Date, the Debtor has been operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      As of the date hereof, no creditors' committee has been appointed or designated in this case.  In addition, no request for the appointment of a trustee or examiner has been made.

6.      The Debtor is a limited liability company organized and existing under the laws of the State of Florida.

7.      The controlling member of the Debtor is CABI Holdings, Inc.  The managers of the Debtor are Elias Amkie Levy, Elias Cababie Daniel, Abraham Cababie Daniel, Rafael Harari Tussie, and Jaime Dayan Tawil.

**B.      Everglades on the Bay**

8.      The Debtor is the developer and owner of the luxury residential condominium development known as Everglades on the Bay ("Everglades") in downtown Miami.  Located at 244 Biscayne Boulevard, Everglades contains 849 residential condominium units (the "Condominium Units") in two towers.  Condominium Units range in size from 563 square feet to 4482 square feet and are configured as flats, loft studios, one-bedroom, two-bedroom, three-bedroom, and penthouse units.  The Condominium Units feature a variety of exotic and high-end finishes as well as expansive views of the downtown Miami skyline and Biscayne Bay.

9.      Everglades also contains approximately 60,000 square feet of commercial retail space (the "Retail Space"), which is intended to be developed into a mix of restaurants, upscale retail/service boutiques, and office suites.  Rental spaces within the Retail Space range from 1,000 to 20,000 square feet and front Biscayne Boulevard, Northeast 2nd Street, or Northeast 3rd Street.

10.     Designed as a center of upscale urban living, Everglades includes a 15,000 square foot spa with sauna and steam room, a fitness center, three swimming pools (including a lagoon pool with a bar overlooking the bay), a billiard room, a private residence lounge, and other similar upscale amenities.  The building also offers 24-hour valet service, computerized security-controlled elevators, and a fully-equipped multi-function business center.

11.    As of the date hereof, the Debtor has closed on the sale of 86 units in Everglades. In addition, the Debtor continues to actively market the remaining Condominium Units.  The Debtor intends to establish a procedure for the consummation of future sales that maximizes the return to the estate while protecting the interests of all creditors.

**C.    Reasons for Filing**

12.    The Debtor filed Chapter 11 because of (a) the declining real estate market, (b) its inability to reduce condominium prices in response to these changing market conditions, and (c) its inability, due to circumstances beyond the Debtor's control, to renew, repay, or refinance its secured mortgage debt owed to Bank of America, which matured in March 2009.  In the past year, potential purchasers of condominiums at Everglades have sought significant purchase price reductions.  Because the Debtor's lenders have refused to grant the Debtor relief from minimum lien release price covenants in the operative construction loan agreement, the Debtor has been stymied from generating significantly more closings at realistic market levels.  Consequently, many of the purchasers that paid 20% pre-construction deposits have cancelled their purchases rather than pay the prices demanded by the lenders.  Had the Debtor been able to reduce purchase prices as market conditions deteriorating, the Debtor believes that it would have been able to repay all or a substantial portion of the construction loan and averted Chapter 11.

## RELIEF REQUESTED AND REASONS THEREFOR

13.    By this Application, the Debtor requests, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, and Bankruptcy Rule 2014 and 6003, that this Court enter interim and final orders, substantially in the forms attached hereto as Exhibits "A" and "B": (i) authorizing the employment and retention of KBT&F as general bankruptcy counsel to the Debtor *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions under which KBT&F will be

retained and compensated and (iii) granting such other and further relief as the Court deems just and proper.

**A.    About KBT&F**

14.    KBT&F is a law firm with over 300 attorneys with principal offices at 1633 Broadway, New York, New York, and other offices in Newark, New Jersey, Houston, Texas, Atlanta, Georgia, and San Francisco, California, and Miami, Florida.

15.    KBT&F's principal areas of practice include, among others, general litigation and creditors' rights and bankruptcy.  Attorneys at KBT&F have served as counsel to debtors, trustees or creditors' committees in many of the country's largest bankruptcy proceedings including, but not limited to, *In re Enron Corp. et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001), *In re Worldcom Inc., et al.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. 2002), *In re Adelphia Communications Corp., et al.*, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. 2002); *In re Refco Inc., et al.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. 2005), and *In re Linens Holding Co., et al.*, Case no. 08-10832 (CSS) (Bankr. D. Del. 2008).

16.    The Debtors seek to retain KBT&F as their attorneys during the administration of these cases because of KBT&F's expertise in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.  Accordingly, the Debtors believe that these attorneys are uniquely qualified to represent them in the Chapter 11 cases in an efficient and effective manner.

**B.    Services to be Provided**

17.    Subject to further order of this Court, KBT&F will provide the Debtor with various legal services related to the prosecution of this Chapter 11 Case.  Specifically, KBT&F will, without limitation:

a.      advise the Debtor with respect to its powers and duties as a debtor and debtor-in-possession in the continued management and operation of its business and property;

b.      attend meetings and negotiate with representatives of creditors and other parties in interest;

c.      advise and consult on the conduct of the Chapter 11 Case, including all the legal and administrative requirements of operating in chapter 11;

d.      advise and counsel the Debtor in connection with any contemplated sales of assets or business combinations, including the negotiation of sales, stock purchase, merger or joint venture agreements, the formulation and implementation of bidding/auction procedures, the evaluation of competing offers, the drafting of appropriate corporate documents with respect to the proposed sales, and the closing of such sales;

e.      advise and represent the Debtor in connection with obtaining post-petition financing and making cash collateral arrangements, provide advice and counsel with respect to prepetition financing arrangements, and provide advice to the Debtor in connection with the emergence financing and capital structure, and negotiate and draft documents relating thereto;

f.      analyze (a) the Debtor's unexpired leases and executory contracts and the assumption, rejection, or assignment thereof, and (b) the validity, enforceability, and priority of liens against the Debtor's assets, and advise the Debtor on matters relating thereto;

g.      advise the Debtor with respect to legal issues arising in or relating to the Debtor's business operations, including meetings with the Debtor's financial advisors;

h.      take all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any actions commenced against the Debtor or its estate, and representing the Debtor's interest in negotiations concerning litigation in which the Debtor is or may be involved, including the formulation of and prosecution of objections to claims asserted against the Debtor's estate;

i.      prepare pleadings in connection with this Chapter 11 Case on the Debtor's behalf, including all motions, applications, responses, objections, orders, reports, and papers necessary to the administration of the Debtor's estate;

j.      negotiate and prepare on the Debtor's behalf a chapter 11 plan of reorganization or liquidation, disclosure statement and all related agreements and/or documents, and take any necessary actions on behalf of the Debtor to obtain confirmation of such plan;

k.      attend meetings with third parties and participate in negotiations with respect to the above matters;

l.      appear before the Court, any appellate courts, and other for a of appropriate jurisdiction to protect and represent the interests of the Debtor's estate before such for a; and

m.      perform all necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 Case.

18.      The services of KBT&F are necessary and appropriate to enable the Debtor to execute its duties as debtor and debtor-in-possession faithfully and are in the best interest of the Debtor, its estate, and creditors, and KBT&F is willing and able to act on the Debtor's behalf, as set forth above.

19.      In addition to seeking to retain KBT&F as general bankruptcy counsel, by separate Application filed herein, the Debtor has filed or expects to file shortly applications to employ Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg"), as the Debtor's local bankruptcy counsel.  KBT&F will coordinate with Bilzen Sumberg to ensure that services are, to the maximum extent possible, complementary and not duplicative.

**C.      KBT&F's Disinterestedness**

20.      To the best of the Debtor's knowledge, and except as disclosed in the Glenn Declaration, KBT&F neither holds nor represents an interest adverse to the Debtor and its estate in the Chapter 11 Case.  The Debtor does not believe that KBT&F's past and present connections with the parties set forth in the Glenn Declaration will in any way impair KBT&F's representation of the Debtor, nor does the Debtor believe that such connections constitute representation of entities having an adverse interest in connection with the case.

21.      To the best of the Debtor's knowledge and except as disclosed herein and in the Glenn Declaration, (a) KBT&F is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; (b) KBT&F does

not hold or represent any interest adverse to the Debtor's estate; and (c) KBT&F has no connection to the Debtor, its affiliates, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest, or its respective attorneys and accountants.

22.     The Debtor has been informed that KBT&F will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, KBT&F will supplement its disclosure to this Court.

**D.     <u>Compensation</u>**

23.     KBT&F intends to charge for its services by reference to hourly rates, which are currently as follows:[2]

| Partners | $550 - $1,000 |
| Special Counsel | $525 - $750 |
| Associates | $275 - $675 |
| Staff Attorneys | $225 - $390 |
| Paralegals | $150 - $225 |

In addition, KBT&F will seek reimbursement from the Debtor for all actual, necessary expenses and other charges incurred by the firm.  These charges and disbursements include, among other things photocopying (at a reduced rate of $0.10 per page for black-and-white copies and a higher commensurate charge for color copies), computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

24.     The Debtor understands that KBT&F hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (the

---

[2]     KBT&F's hourly rates are subject to periodic adjustment to reflect economic and other conditions.

"Guidelines"), and further orders of this Court (the "Orders") for all services performed and expenses incurred after the Petition Date.

25.     The Debtor believes that the aforementioned fee and expense reimbursement policy is fair and reasonable in light of (a) industry practice; (b) market rates charged for comparable services both in and out of the chapter 11 context; and (c) KBT&F's experience with respect to these services.

26.     With the exception of prepetition retainers paid by the Debtor to KBT&F and as disclosed in the Glenn Declaration, no commitment has been made or received by KBT&F, nor any member thereof, as to compensation or payment in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code and orders of this Court. Further, KBT&F has no agreement with any other entity to share with such entity any compensation received by KBT&F in connection with the Chapter 11 Case.

## BASIS FOR RELIEF

27.     The Debtor submits that KBT&F's proposed retention meets all the prerequisites for retention of special counsel under section 327(a) of the Bankruptcy Code, which permits a debtor-in-possession, with court approval, to employ "one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).

28.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

FED. R. BANKR. P. 2014

29.     Pursuant to Bankruptcy Rule 6003, a court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm. Bankruptcy Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first 20 days of a chapter 11 case.  In accordance with Bankruptcy Rule 6003, this Court has entered the form of interim relief sought in this Application in other cases in this district.  *See, e.g., In re TOUSA, Inc.*, Case No. 08-10928 (Bankr. S.D. Fla. Jan 31, 2008) (approving retention of legal counsel on an interim basis on similar terms as requested within the first 20 days of a chapter 11 case); *In re First NLC Fin. Servs., LLC*, 382 B.R. 547, 549-50 (Bankr. S.D. Fla. 2008) (same).

30.     Interim relief is justified and appropriate in the context of this Application.  Not only is the relief sought justified, it is necessary.  A business entity, such as a limited liability company, must be represented by counsel to appear in court because it is merely an artificial entity that can only act through its agents and thus may not appear *pro se*.  *See First NLC*, 382 B.R. at 549-50; *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel."); *K.M.A., Inc. v. General Motors Acceptance Corp. (In re K.M.A., Inc.)*, 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."); Local Rule 9010-1(B)(1) ("A corporation, partnership, trust, or other business entity cannot appear or act on its own behalf without any attorney in a case or proceeding . . . .").

31.     Without counsel, the Debtor cannot proceed with this Chapter 11 Case and its efforts in seeking bankruptcy protection will be materially harmed.  Failure to secure the critical relief needed in the earliest stages of this Chapter 11 Case will surely cause immediate and irreparable harm to the Debtor, their creditors, and other parties in interest because the progress made in the first twenty days of this Chapter 11 Case will be a determinative factor in the ultimate outcome of this case.

32.     In addition, the Debtor will need counsel's advice with respect to critical operations during the first twenty days of this Chapter 11 Case.  Among other things, the Debtor will need KBT&F's assistance in stabilizing business operations, implementing a communications program to calm customers, suppliers, contractors, subcontractors, and employees, negotiating with key creditor constituencies, utilizing the tools available in chapter 11 to restructure the Debtor's operations, and constructing a business plan and plan of reorganization.  Failure to have all of KBT&F's resources readily available during the first twenty days of this case will severely hamper the Debtor's initial restructuring efforts and could jeopardize the ultimate outcome of this case.

33.     Accordingly, the Debtor submits that the requirements of Bankruptcy Rule 6003 have been satisfied and support immediate entry of an interim order, substantially in the form annexed hereto as Exhibit "A", authorizing the Debtor to retain and employ KBT&F on an interim basis and to compensate KBT&F for any services rendered during that interim period in accordance with the Bankruptcy Code and any interim compensation procedures to be established in this case.  This interim form of relief ensures the availability of KBT&F's full resources to the Debtor during a critical period in this case, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this Application on a final basis.  The

form of the proposed interim order granting this Application clearly and unequivocally preserves any objections of all creditors and parties in interest until the final hearing on this Application and further provides that any such objections will be considered *de novo*. No party is prejudiced by the limited relief sought by this Application and the objective of the drafters of Bankruptcy Rule 6003 is not frustrated.

## NOTICE

34.     The Debtor will provide notice of this motion to all parties on the Master Service List as defined in Local Rule 2002-1(H) and all parties known to be directly affected by the relief requested herein. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## NO PREVIOUS REQUEST

35.     No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of interim and final orders substantially in the forms attached hereto as Exhibit "A" and "B" (i) authorizing the employment and retention of KBT&F as general bankruptcy counsel to the Debtor *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions under which KBT&F will be retained and compensated and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  August 24, 2009

                                                  Respectfully Submitted,

                                                  _____
                                                  Elias Arakie Levy, Manager
                                                  Cabi Downtown, LLC

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                Chapter 11

CABI DOWNTOWN, LLC,

                                                      Case No.  09-27168-BKC-LMI

                    Debtor.
_____/

**[PROPOSED] INTERIM ORDER AUTHORIZING THE DEBTOR TO RETAIN AND**
**EMPLOY KASOWITZ BENSON TORRES & FRIEDMAN LLP AS GENERAL**
**BANKRUPTCY COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO**
**<u>THE PETITION DATE</u>**

Upon consideration of the application (the "<u>Application</u>") of the above captioned debtor

and debtor-in-possession (the "<u>Debtor</u>") for entry of interim and final orders authorizing the

Debtor to retain and employ Kasowitz, Benson, Torres & Friedman LLP ("<u>KBT&F</u>") as general

bankruptcy counsel for the Debtor, pursuant to Sections 327(a), 328(a) and 330 of title 11 of the

United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and having found that KBT&F does not represent an interest adverse to the Debtor or its estate on the matters for which they are being employed, and that KBT&F disclosed any connections with parties as required by Bankruptcy Rule 2014; and it appearing that the relief requested is necessary and in the best interests of the Debtor's estate, its creditors and all other parties-in-interest; and due and sufficient notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore,

IT IS ORDERED that:

1.      The Application IS GRANTED in its entirety on an interim basis as of the Petition Date.

2.      The Debtor is authorized to retain and employ KBT&F as its general bankruptcy counsel in accordance with the terms and conditions set forth in the Application.

3.      KBT&F is authorized to render the professional services to the Debtor as set forth in the Application.

4.      KBT&F shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case subject to the allowance of professional fees and compensation as set forth in Section 330 of the

Bankruptcy Code, and in compliance with the remaining provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any Order of this Court.

5.      A final hearing on the Application is scheduled for _____, 2009 at _____m., prevailing Eastern Time, before this Court (the "<u>Final Application Hearing</u>"). Any party in interest objecting to the relief sought in the Motion shall serve and file written objections, which objections shall be served upon (a) the Debtor, c/o Elias Levy, 19950 West Country Club Drive, Suite 900, Aventura, FL 33180; (b) Kasowitz, Benson, Torres & Friedman, 1633 Broadway, New York, New York 10019, Attn:  Andrew K. Glenn, Esq. and Jeffrey R. Gleit, Esq.; (c) Bilzin Sumberg Baena Price & Axelrod LLP, 200 S. Biscayne Blvd., Suite 2500, Miami, FL 33131, Attn: Jason Z. Jones, Esq.; (d) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Ave., Room 1204, Miami, FL 33130; and (e) the entities listed on the Master Service List filed pursuant to Local Bankruptcy Rule 2002-1(H), (collectively, the "<u>Notice Parties</u>") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than _____ at _____, prevailing Eastern Time.

6.      In the event the Application is not granted on a final basis, KBT&F shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Hearing. Any party-in-interest may object to the fee application; provided, however, that such party shall file such objection with this Court and serve a copy of the objection on the Notice Parties.

7.      The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtor is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

10.     Entry of this interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application at the Final Hearing.

11.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Mindy A. Mora, Esq.
Fla. Bar No. 678910
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Blvd., Suite. 2500
Miami, FL 33131
Tel: (305) 374-7580
Fax: (305) 375-7593
E-mail: mmora@bilzin.com

Copies to: Mindy A. Mora, Esq.
*(Attorney Mora shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.*

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
<u>www.flsb.uscourts.gov</u>

In re:                                                    Chapter 11

CABI DOWNTOWN, LLC,

                                                          Case No.  09-27168-BKC-LMI

                    Debtor.
_____/

**[PROPOSED] FINAL ORDER AUTHORIZING THE DEBTOR TO RETAIN AND**
**EMPLOY KASOWITZ, BENSON, TORRES & FRIEDMAN LLP AS GENERAL**
**BANKRUPTCY COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO**
<u>**THE PETITION DATE**</u>

Upon consideration of the application (the "<u>Application</u>") of the above captioned debtor

and debtor-in-possession (the "<u>Debtor</u>") for entry of interim and final orders authorizing the

Debtor to retain and employ Kasowitz, Benson, Torres & Friedman LLP ("<u>KBT&F</u>") as general

bankruptcy counsel for the Debtor, pursuant to Sections 327(e), 328(a) and 330 of title 11 of the

United States Bankruptcy Code (the "<u>Bankruptcy Code</u>"), Rules 2014(a), 2016 and 6003 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1

of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida

(the "Local Rules"); and the *Declaration of Andrew K. Glenn in Support of the Application*, and having found that KBT&F does not represent an interest adverse to the Debtor or its estate on the matters for which they are being employed, and that KBT&F disclosed any connections with parties as required by Bankruptcy Rule 2014; and it appearing that the relief requested is necessary and in the best interests of the Debtor's estate, its creditors and all other parties-in-interest; and due and sufficient notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore,

IT IS ORDERED that:

1.      The Application IS GRANTED *nunc pro tunc* to the Petition Date.

2.      The Debtor is authorized to retain and employ KBT&F as its general bankruptcy counsel in accordance with the terms and conditions set forth in the Application.

3.      KBT&F is authorized to render the professional services to the Debtor as set forth in the Application.

4.      KBT&F shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case subject to the allowance of professional fees and compensation as set forth in § 330 of the Bankruptcy Code, and in compliance with the remaining provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any Order of this Court.

5.      The Debtor is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Mindy A. Mora, Esq.
Fla. Bar No. 678910
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Blvd., Suite. 2500
Miami, FL 33131
Tel: (305) 374-7580
Fax: (305) 375-7593
E-mail: mmora@bilzin.com

Copies to: Mindy A. Mora, Esq.
*(Attorney Mora shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                Chapter 11

CABI DOWNTOWN, LLC,

                                                      Case No.  09-27168-BKC-LMI

            Debtor.
_____/

**DECLARATION AND DISCLOSURE STATEMENT OF ANDREW K. GLENN IN**
**SUPPORT OF THE APPLICATION BY DEBTOR FOR INTERIM ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF KASOWITZ, BENSON,**
**TORRES & FRIEDMAN LLP AS GENERAL BANKRUPTCY COUNSEL TO THE**
**DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Andrew K. Glenn hereby declares under penalty of perjury as follows:[1]

        1.      I am an attorney at law admitted to practice before the United States District

Court for the Southern District of New York, and the United States Courts of Appeals for the

Second and Third Circuits.  I am a member of the Bar of the State of New York.

        2.      I am a member of the firm of Kasowitz, Benson, Torres & Friedman LLP

("KBT&F"), a law firm of over 300 attorneys, which maintains its principal offices at 1633

Broadway, New York, New York and other offices in Newark, New Jersey, Houston, Texas,

Atlanta, Georgia, San Francisco, California, and Miami, Florida.

        3.      This Declaration (the "Declaration") is submitted in support of the application of

the debtor and debtor-in-possession (the "Debtor"), for an order pursuant to Section 327(a) of

title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code")

and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

---

[1]       Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
Application By Debtors For Interim Order Authorizing The Employment And Retention Of Kasowitz, Benson,
Torres & Friedman LLLP As General Bankruptcy Counsel To The Debtors Nunc Pro Tunc To The Petition Date
(the "Application").

authorizing the employment and retention of KBT&F, *nunc pro tunc* as of August 18, 2009 (the "Petition Date"), as general bankruptcy counsel to the Debtor for matters arising in or related to the above-captioned chapter 11 cases (the "Application").

4.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  I have relied on the work of other attorneys and staff at KBT&F in ascertaining and confirming certain information set forth herein.  To the extent that any information disclosed herein requires amendment or modification upon KBT&F's completion of further analysis, or as additional information becomes available to KBT&F, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

5.      By the accompanying Application, the Debtor seeks to employ and to retain KBT&F as general bankruptcy counsel for matters arising in or related to the Debtor's Chapter 11 Case.  This Declaration is submitted in support of that Application in accordance with Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.

## CONFLICTS ANALYSIS

6.      In determining whether connections to the Debtor and the above-referenced cases exist, KBT&F utilizes a number of procedures ("Procedures") to determine its relationships, if any, to parties that may have connections to a client debtor.  In implementing the Procedures, and at my direction, KBT&F took the following actions to identify parties that may have connections with the Debtor, and KBT&F's connections with such parties:

> a.  KBT&F reviewed a list of parties in interest, including the Debtor, their boards of directors and significant creditors of the Debtor (the "Initial Conflicts Checklist"); and
>
> b.  KBT&F compared the Initial Conflicts Checklist with the names of its current and former clients in its electronic database.  This database generally includes the name of each client of KBT&F, the contact person at each corporate client, and the names of each party known to be adverse or potentially adverse to the client.

7.      As a result of the foregoing Procedures, I have been informed that KBT&F has previously represented the entities listed on Exhibit 1, attached hereto, in matters wholly unrelated to the Debtor.  None of these prior representations constitute more than 0.1% of KBT&F's revenue over the I do not believe that any of these previous representations, some of which concluded years ago, will in any way impede KBT&F from representing the Debtor within the scope of its engagement.

8.       In connection with the Debtor's restructuring efforts, prior to the Petition Date, on March 25, 2009, KBT&F entered into an engagement letter with the Debtor and its parent corporation, CABI Holdings, Inc. ("Holdings").  As set forth in the engagement letter, KBT&F was engaged to provide services in connection with the Debtor's dispute with its pre-petition lenders.  Since the Petition Date, KBT&F has not represented Holdings in connection with this Chapter 11 Case and will not represent Holdings during this Chapter 11 Case.  KBT&F has been advised that Holdings will be providing debtor in possession financing to the Debtor, subject to this Court's approval, for the purposes of paying certain post-petition expenses of the Debtor, including, to the extent necessary, professional fees incurred by the Debtors.

9.      Neither I, KBT&F, nor any member, counsel or associate thereof, insofar as I have been able to ascertain, has any current connection with the Debtor, its creditors, or any other party-in-interest herein, or their respective attorneys, other than the parties mentioned above.  I am aware of no other connections of KBT&F to these cases.

10.      As part of its practice, KBT&F appears in cases, proceedings and transactions involving many different creditors, shareholders, attorneys, accountants, financial consultants, investment bankers and other entities, some of which may be or may represent claimants and parties in interest in these cases.  KBT&F does not represent any such entity in connection with

the pending cases or have a relationship with any such entity or professionals which would be adverse to the Debtor. KBT&F, however, may represent in the future parties-in-interest in these cases in matters that are wholly unrelated to the instant cases. KBT&F will not represent any entity other than the Debtor in this case. In addition, if KBT&F has or hires associates who worked at a prior firm on any matter in a material way for any party actually or potentially adverse to the Debtor, KBT&F procedurally "walls off" such associates from those that work on these cases.

11. I therefore believe that KBT&F does not represent or hold any interest adverse to the Debtor in this Chapter 11 Case and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by Section 327(a) of the Bankruptcy Code, with respect to the matters upon which it is to be engaged.

## KBT&F'S PROPOSED COMPENSATION

12. KBT&F intends to apply for compensation for professional services rendered as general bankruptcy counsel on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by KBT&F from the Debtor. All of KBT&F's fees and expenses in the Chapter 11 Case will be subject to approval of this Court upon proper application by KBT&F in accordance with Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), the Local Rules of Practice for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), the fee and expense guidelines established by the U.S. Trustee and any other applicable orders of this Court.

13. The principal attorneys designated to represent the Debtor and their current standard hourly rates are:

       a.  Andrew K. Glenn      $ 800.00 per hour

       b.  Jeffrey R. Gleit       $ 640.00 per hour

     c.  Matthew B. Stein        $ 525.00 per hour

     d.  Nii-Amar Amamoo      $ 335.00 per hour

     e.  Julia A. Balduzzi        $ 250.00 per hour

14.     Other KBT&F attorneys and paralegals may from time to time serve the Debtor in connection with the matters described herein.  The billing rates of KBT&F professionals are as follows:

| Partners | $550 -  $1,000 |
| Special Counsel | $525 -  $750 |
| Associates | $275 - $675 |
| Staff Attorneys | $225 -  $390 |
| Paralegals | $150 -  $225 |

15.     The hourly rates set forth above are subject to periodic adjustments (generally as of January 1 of each year).

16.     The hourly rates set forth above are KBT&F's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate fairly KBT&F for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is KBT&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  KBT&F will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to KBT&F's other clients.  KBT&F believes that it is more equitable to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

17.     The professional services that KBT&F will render to the Debtor as general bankruptcy counsel will include, but shall not be limited to, the following:

a.  advise the Debtor with respect to its powers and duties as a debtor and debtor-in-possession in the continued management and operation of its business and property;

b.  attend meetings and negotiate with representatives of creditors and other parties in interest;

c.  advise and consult on the conduct of the Chapter 11 Case, including all the legal  and administrative requirements of operating in chapter 11;

d.  advise and counsel the Debtor in connection with any contemplated sales of assets or business combinations, including the negotiation of sales, stock purchase, merger or joint venture agreements, the formulation and implementation of bidding/auction procedures, the evaluation of competing offers, the drafting of appropriate corporate documents with respect to the proposed sales, and the closing of such sales;

e.  advise and represent the Debtor in connection with obtaining post-petition financing and making cash collateral arrangements, provide advice and counsel with respect to prepetition financing arrangements, and provide advice to the Debtor in connection with the emergence financing and capital structure, and negotiate and draft documents relating thereto;

f.  analyze (a) the Debtor's unexpired leases and executory contracts and the assumption, rejection, or assignment thereof, and (b) the validity, enforceability, and priority of liens against the Debtor's assets, and advise the Debtor on matters relating thereto;

g.  advise the Debtor with respect to legal issues arising in or relating to the Debtor's business operations, including meetings with the Debtor's financial advisors;

h.  take all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any actions commenced against the Debtor or its estate, and representing the Debtor's interest in negotiations concerning litigation in which the Debtor is or may be involved, including the formulation of and prosecution of objections to claims asserted against the Debtor's estate;

i.  prepare pleadings in connection with this Chapter 11 Case on the Debtor's behalf, including all motions, applications, responses, objections, orders, reports, and papers necessary to the administration of the Debtor's estate;

j.   negotiate and prepare on the Debtor's behalf a chapter 11 plan of reorganization or liquidation, disclosure statement and all related agreements and/or documents, and take any necessary actions on behalf of the Debtor to obtain confirmation of such plan;

k.   attend meetings with third parties and participate in negotiations with respect to the above matters;

l.   appear before the Court, any appellate courts, and other for a of appropriate jurisdiction to protect and represent the interests of the Debtor's estate before such for a; and

m.  perform all necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 Case.

18.    KBT&F's services as general bankruptcy counsel are appropriate and necessary to enable the Debtor to execute its duties as debtor and debtor-in-possession faithfully and to implement the restructuring and reorganization of the Debtor.

19.    No promises have been received by KBT&F or by any member, counsel, or associate thereof as to payment or compensation in connection with these cases, other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  As explained above, Holdings will provide, subject to this Court's approval, debtor in possession financing that may be used by the Debtor to the extent necessary to pay professional fees.  KBT&F has no agreement with any entity to share any compensation received by KBT&F in connection with this case, other than with the members, counsel, and associates of KBT&F. In connection with its services to the Debtor, KBT&F received prepetition retainers totaling $350,000/00 in the aggregate and has applied those retainers against pre-petition services, based upon actual and estimated fees and expenses through the Petition Date, in the amount of $199,534.65, leaving a net retainer to be applied against post-petition services in the amount of $150,465.35.

20.     Based on the foregoing, I respectfully request that an Order be entered authorizing the employment and retention of KBT&F upon the terms, and to perform the services, described above.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____

Andrew K. Glenn

## EXHIBIT 1

General Electric Company
Michael Miller[*]
Pitney Bowes, Inc.
Polo Ralph Lauren Corporation
Russell Johnson[*]

---

[*]         A Michael Miller and a Russell Johnson appeared in KBT&F's conflicts search as prior clients.  Whether they are the same individuals that are interested parties in this Chapter 11 Case is unclear at this time.  As such, their names are listed here out of an abundance of caution.