**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

Case No. 09-27168-BKC-LMI

CABI DOWNTOWN LLC,[1]

Chapter 11

      Debtor.

_____/

**EMERGENCY APPLICATION BY DEBTOR FOR INTERIM ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF ALGON CAPITAL, LLC d/b/a ALGON
GROUP AS FINANCIAL ADVISORS TO THE DEBTOR *NUNC PRO TUNC* TO THE
PETITION DATE AND FOR ENTRY OF A FINAL ORDER**

**(Emergency Hearing Requested)[2]**
**BASIS FOR EMERGENCY RELIEF**

      The above-captioned Debtor and Debtor-in-possession
(collectively, the "Debtor") requests an emergency hearing in this
matter on or before August 27, 2009, to prevent direct, immediate
and substantial harm to the Debtor's estates or ability to reorganize
that would occur if the Debtor is not authorized to retain counsel
without delay so as to ensure a smooth transition into Chapter 11.
The Debtor respectfully requests that the Court waive the
provisions of Rule 9075-1(B) of the Local Rules for the United
States Bankruptcy Court for the Southern District of Florida, which
require an affirmative statement that a bona fide effort was made to
resolve the issues raised in this motion, as the relief requested
herein is urgent in nature and does not lend itself to advance
resolution.

      CABI Downtown, LLC (the "Debtor"), debtor and debtor in possession, by and through

undersigned counsel, submits this application (the "Application"), pursuant to sections 327(a),

328(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy

---

[1]     The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180.  The last four digits of the Debtor's tax identification number are [0838].
[2]     Additional support for expedited relief may be found in Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida granting expedited hearings within two days of filing certain motions in chapter 11 cases, and pursuant to Rule 6003 of the Federal Rules of Bankruptcy Procedure allowing for interim relief to avoid immediate and irreparable harm.

Code" ), Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully requesting the entry of an interim order, substantially in the form annexed hereto as **Exhibit "A"**, and entry of a final order substantially in the form annexed hereto as **Exhibit "B"**, on or after September 8, 2009, authorizing the Debtor to retain and employ Algon Capital, LLC ("Algon"), *nunc pro tunc* to the Petition Date, as financial advisors to the Debtor.  In support of this Application, the Debtor relies upon the Affidavit of Paul F. Rubin on Behalf of Algon Capital, LLC in Support of Application (the "Rubin Affidavit"), a copy of which is annexed hereto as **Exhibit "C"** and respectfully represents as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.    The statutory predicates for the relief requested herein are sections 327(a), 328(a), 330 and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2016-1. Additional authority for the relief requested herein may exist under sections 105, 328, and 1107 of the Bankruptcy Code.

## BACKGROUND

**A.    General Background**

3.    On the Petition Date, the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4.    Since the Petition Date, the Debtor has been operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      As of the date hereof, no creditors' committee has been appointed or designated in this case.  In addition, no request for the appointment of a trustee or examiner has been made.

6.      The Debtor is a limited liability company organized and existing under the laws of the State of Florida.

7.      The controlling member of the Debtor is CABI Holdings, Inc.  The managers of the Debtor are Elias Amkie Levy, Elias Cababie Daniel, Abraham Cababie Daniel, Rafael Harari Tussie, and Jaime Dayan Tawil.

**B.      Everglades on the Bay**

8.      The Debtor is the developer and owner of the luxury residential condominium development known as Everglades on the Bay ("Everglades") in downtown Miami.  Located at 244 Biscayne Boulevard, Everglades contains 849 residential condominium units (the "Condominium Units") in two towers.  Condominium Units range in size from 563 square feet to 4482 square feet and are configured as flats, loft studios, one-bedroom, two-bedroom, three-bedroom, and penthouse units.  The Condominium Units feature a variety of exotic and high-end finishes as well as expansive views of the downtown Miami skyline and Biscayne Bay.

9.      Everglades also contains approximately 60,000 square feet of commercial retail space (the "Retail Space"), which is intended to be developed into a mix of restaurants, upscale retail/service boutiques, and office suites.  Rental spaces within the Retail Space range from 1,000 to 20,000 square feet and front Biscayne Boulevard, Northeast 2nd Street, or Northeast 3rd Street.

10.      Designed as a center of upscale urban living, Everglades includes a 15,000 square foot spa with sauna and steam room, a fitness center, three swimming pools (including a lagoon pool with a bar overlooking the bay), a billiard room, a private residence lounge, and other

similar upscale amenities.  The building also offers 24-hour valet service, computerized security-controlled elevators, and a fully-equipped multi-function business center.

11.    As of the date hereof, the Debtor has closed on the sale of 86 units in Everglades. In addition, the Debtor continues to actively market the remaining Condominium Units.  The Debtor intends to establish a procedure for the consummation of future sales that maximizes the return to the estate while protecting the interests of all creditors.

**C.    Reasons for Filing**

12.    The Debtor filed Chapter 11 because of (a) the declining real estate market, (b) its inability to reduce condominium prices in response to these changing market conditions, and (c) its inability, due to circumstances beyond the Debtor's control, to renew, repay, or refinance its secured mortgage debt owed to Bank of America, which matured in March 2009.  In the past year, potential purchasers of condominiums at Everglades have sought significant purchase price reductions.  Because the Debtor's lenders have refused to grant the Debtor relief from minimum lien release price covenants in the operative construction loan agreement, the Debtor has been stymied from generating significantly more closings at realistic market levels.  Consequently, many of the purchasers that paid 20% pre-construction deposits have cancelled their purchases rather than pay the prices demanded by the lenders.  Had the Debtor been able to reduce purchase prices as market conditions deteriorating, the Debtor believes that it would have been able to repay all or a substantial portion of the construction loan and averted Chapter 11.

## RELIEF REQUESTED AND REASONS THEREFOR

13.    The Debtor desires to employ Algon as its financial advisor pursuant to the terms of that certain engagement letter dated August 24, 2009, a copy of which is attached hereto as **Exhibit "D"** and incorporated herein by reference (the "Engagement Letter").

4

14.     By this Application, the Debtor requests, pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rule 2014 and 6003, that this Court enter interim and final orders, substantially in the forms attached hereto as Exhibits "A" and "B": (i) authorizing the employment and retention of Algon as financial advisor to the Debtor *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions under which Algon will be retained and compensated and (iii) granting such other and further relief as the Court deems just and proper.

## ALGON SERVICES

15.     As set forth in the Engagement Letter, the Debtor seeks to retain Algon on an interim basis until a final hearing may be had, to assist and advise the Debtor in connection with the development and confirmation of a chapter 11 plan of reorganization, including providing expert testimony.  Algon will provide the following services in connection with this chapter 11 case:

a.   undertake, in consultation with members of management of the Debtor, a comprehensive business and financial analysis of the Debtor and assist the Debtor in the preparation of its schedules of assets and liabilities and its statement of financial affairs;

b.   to the extent Algon deems necessary, appropriate and feasible, or as the Debtor may request, review and analyze the Debtor's assets and their operating and financial strategies, and assist in the preparation of financial projections;

c.   review and analyze the business plans and financial projections prepared by the Debtor, including, but not limited to, testing assumptions and comparing those assumptions to historical and industry trends of the Debtor;

d.   evaluate the Debtor's debt capacity and assist in the determination of an appropriate capital structure for the Debtor;

e.   as deemed desirable by the Debtor, identify, initiate, review, negotiate, and evaluate any restructuring transaction or capital transaction and, if directed, develop and evaluate alternative proposals for a restructuring transaction or capital transaction (or any combination thereof);

f. assist the Debtor in developing strategies to effectuate any restructuring transaction or capital transaction, including financing alternatives;

g. advise and assist the Debtor in the course of their negotiation of any restructuring transaction or capital transaction and participate in such negotiations, as requested;

h. determine and evaluate the risks and benefits of considering, initiating and consummating any restructuring transaction or capital transaction;

i. determine values or ranges of values (as appropriate) for the Debtor and any securities that the Debtor offer or propose to offer in connection with a capital transaction;

j. working with the Debtor's management and based upon information provided by the Debtor, prepare one or more memoranda describing the Debtor and their businesses for use in any potential capital transaction (each, an "Information Memo");

k. assist the Debtor in valuing their assets or business, provided that any real estate or fixed asset appraisals will be undertaken by outside appraisers, separately retained and compensated by the Debtor;

l. be available at the Debtor's request to meet with Debtor' management board of managers, creditor groups, equity holders, any official committees appointed in a Bankruptcy Case, or other parties to discuss any restructuring transaction or capital transaction;

m. if requested by the Debtor, participate in hearings before the Bankruptcy Court and provide relevant testimony; and

n. such other financial advisory as may be agreed upon by Algon and the Debtor, and that is within the scope of the Engagement Letter.

16.    The services to be provided by Algon will not be duplicative of any other professional retained by the Debtor in this case.  Furthermore, Algon will coordinate any services performed (or to be performed) with the Debtor's counsel and other professionals as appropriate to ensure resources are not expended on duplication of effort.

17.    Subject to this Court's approval of this Application, Algon is willing to serve as the Debtor's financial advisor and to perform the services summarized above and as specifically set forth in the Engagement Letter.

6

## QUALIFICATIONS OF PROFESSIONALS

18.     The Debtor seeks to employ Algon as its financial advisor in this matter due to its extensive knowledge and expertise in distressed real estate and bankruptcy matters of this type and nature.  Algon is a specialized financial advisory and investment banking firm that provides sophisticated financial analysis, advice and execution in complex, challenging and/or financially distressed situations.

19.     Algon has substantial experience with both public and private companies in mergers and acquisitions; and in representing buyers, sellers and special committees of the Board of Directors. In addition, the firm raises debt and equity capital and provides other high-end advisory services including interim management and litigation support.

20.     Based in the breadth of Algon's experience in this area, the Debtor, after due deliberation, determined it would be in the best interest of its estate, creditors and stakeholders to retain Algon as its financial advisor in this chapter 11 case.  As such, the Debtor believes that Algon is qualified and indeed uniquely situated to perform the work required to facilitate its exit from chapter 11.

## DISINTERESTEDNESS OF ALGON

21.     To the best of the Debtor's knowledge and based upon the Rubin Affidavit, Algon is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  To the best of the Debtor's knowledge and based upon the Rubin Affidavit, Algon does not hold or represent an interest adverse to the estate with respect to the matters on which Algon will be employed, in accordance with the Bankruptcy Code and the Bankruptcy Rules.  To the best of the Debtor's knowledge and based upon the Rubin Affidavit: (i) Algon's connections with the Debtor, its creditors, and any other party in interest, or their respective attorneys are disclosed in

Exhibit "1" to the the Rubin Affidavit; and (ii) the Algon professionals working on this matter are not relatives of the United States Trustee for the Southern District of Florida or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of Florida.

22.    As described in the Rubin Affidavit, Algon and its affiliates may have and may continue to have financial advisory and other relationships with parties other than the Debtor pursuant to which Algon may acquire information of interest to the Debtor.  Algon has not provided, and will not provide any, professional services to any of the Debtor's creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this chapter 11 case.

## PROFESSIONAL COMPENSATION

23.    Subject to Court approval in accordance with section 330 of the Bankruptcy Code, compensation will be payable to Algon on an hourly basis (the "Financial Advisory Fee") plus reimbursement of actual, necessary expenses and other charges incurred by Algon, including, but not limited to, travel, delivery and data services and other related communication expenses (the "Expenses" and together with the Financial Advisory Fee, the "Fee Structure") as set forth in the Engagement Letter[3].  Algon agrees to obtain the Debtor's prior approval for any expenses in excess of $2,000 through and including September 7, 2009.  Effective September 7, 2009, Algon and the Debtor reserve the right to seek court approval to amend the terms of the Engagement Letter to change Algon's compensation from an hourly rate to a fixed monthly fee combined with a "success fee".

---

[3]    The Engagement Letter contemplated a $25,000 retainer, which Algon has agreed to waive in light of the relief requested in the Debtor's Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals.

8

## **INDEMNIFICATION PROVISIONS**

24.     As a material inducement to Algon's retention in this case, the Engagement Letter

provides for the following indemnification provisions (the "Indemnification Provisions"):

> In the event that Algon becomes involved in any capacity in any action, proceeding or investigation in connection with the performance by Algon of the services contemplated by this letter, which involvement is not a result of Algon's gross negligence or willful malfeasance in the performance of such services, the Client will, upon the request of Algon, assume the defense of such action, proceeding or investigation with counsel reasonably satisfactory to Algon and, unless a conflict of interest exists, if Algon desires to retain separate counsel, it may do so at Algon's sole expense. However, if a conflict of interest exists, Algon may retain separate counsel and the Client shall pay the reasonable fees and expenses of such counsel. The Client will also indemnify Algon against any losses, claims, damages or liabilities to which it may become subject in connection with the performance by Algon of the services contemplated by this letter, except to the extent that any such loss, claim, damage, liability or expense results from Algon's gross negligence or willful malfeasance in performing the services which are the subject of this letter. If for any reason the foregoing indemnification is unavailable to Algon or insufficient to hold Algon harmless, then the Client shall contribute to the amount paid or payable by Algon as a result of such loss, claim, damage or liability in such proportion as is appropriate to reflect not only the relative benefits received by the Client on the one hand and Algon on the other hand, but also the relative fault of the Client and Algon, as well as any relative equitable considerations, except that the Client shall not in any event be responsible for any such loss, claim, damage or liability resulting from Algon's gross negligence or willful malfeasance in performing the services which are the subject of this Agreement; provided, however, that in no event shall the amount contributed by Algon pursuant to this paragraph exceed the amount of fees actually received by Algon under this Agreement. The Client's reimbursement, indemnity and contribution obligations under this paragraph shall be in addition to any liability which it may otherwise have, shall extend upon the same terms and conditions to Algon's employees and controlling persons (if any), and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of Algon and any such person. The foregoing provisions shall survive the period of Algon's services under this Agreement for a period of three (3) years or the applicable period of the statute of limitations, whichever is less. The Client agrees that neither Algon nor any of its directors, agents, or affiliates shall have any liability to the Client for any losses, damages, liabilities or expenses arising out of the performance of services by Algon under this Agreement, unless it is finally determined judicially that such losses, damages, liabilities or expenses resulted directly from the gross negligence or willful malfeasance of Algon.

25.     The above Indemnification Provisions are identical to the terms and conditions of

the indemnifications obligations of the Debtor owing to the Algon under the Engagement Letter.

That is, in the event the Algon should make an indemnity claim against the Debtor, the above

terms and conditions govern any such claim(s).  Both the Debtor and Algon understand that any

claim arising under the foregoing Indemnification Provisions must be brought before and approved by this Court.

## **LEGAL ARGUMENT**

26.     The Debtor seeks approval of Algon's retention and employment as set forth in the Engagement Letter pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2016-1.

27.     Section 327(a) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers or other professional persons . . . to represent and assist the trustee." 11 U.S.C. § 327(a); *see* FED. R. BANKR. P. 2014.

28.     The Debtor seeks approval of Algon's retention and employment as set forth in the Engagement Letter pursuant to section 328(a) and 330 of the Bankruptcy Code.  Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee . . . with the court's approval may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions provide to have been improvident in light of developments not capable of being anticipated at the time of fixing of such terms and conditions.

11. U.S.C. § 328(a); *see* FED. R. BANKR. P. 2016.  Accordingly, section 328 permits the compensation of professionals, including financial advisors, on flexible terms that reflect the nature of their services and market conditions. *See Donaldson Lufkin & Jenrette Securities Corp. v. National Gypsum (In re National Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir. 1997) (noting the

10

uncertainty professionals have in bankruptcy cases because of the "reasonable compensation" requirements under Bankruptcy Code section 330, and finding that professionals may avoid that uncertainty if their compensation is approved under section 328). Many other courts have followed the Fifth Circuit's example. *See, e.g., In re Atlas Worldwide Holding, Inc.*, No. 04-10796 (Bankr. S.D. Fla. Apr. 22, 2004); *see also In re J.L. French Auto. Castings, Inc.*, No. 06-10119 (Bankr. D. Del. Mar. 24, 2006); *In re U.S. Airways, Inc.*, 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

### A.    Proposed Terms Of Algon's Engagement Are Reasonable

29.    Algon's Fee Structure, as described in the Engagement Letter, is consistent with and typical of compensation arrangements entered into by Algon and other comparable firms in connection with the rendering of similar services under similar circumstances.  In determining the Financial Advisory Fee to be paid to Algon and the reasonableness of such compensation, the Debtor compared Algon's fee proposal to other comparable precedents. After such comparison and an arm's-length negotiation, the Debtor believes, as does Algon, that the Financial Advisory Fee is in fact reasonable, market-based and designed to compensate Algon fairly for its work and to cover fixed and routine overhead expenses.

30.    As set forth in the Rubin Affidavit, Algon has not shared or agreed to share any of its compensation from the Debtor with any other person, other than as permitted by section 504 of the Bankruptcy Code.

### B.    Indemnification of Algon is Appropriate

31.    The Debtor and Algon negotiated the Indemnification Provisions arm's-length and the Debtor respectfully submits that the entire Engagement Letter is reasonable and in the best interests of the Debtor, the Debtor's estate and creditors.

32.     With respect to the Indemnification Provisions, the Debtor submits that such provisions are customary and reasonable for financial advisory engagements, both out-of-court and in chapter 11 cases in this district, and in other districts.  *See, e.g. In re TOUSA, Inc.* No. 08-10928 (Bankr. S.D. Fla. Jan. 31, 2008)*; In re Gemini Cargo Logistics, Inc., et al,* No. 08-18173 (Bankr. S.D. Fla. July. 10, 2008); *In re All American Semiconductor, Inc.*, No. 07-12963 (Bankr. S.D. Fla May 25, 2007); *In re Atlas Worldwide Holdings, Inc.*, No. 04-10792 (Bankr. S.D. Fla. Apr. 22, 2004); *also see, e.g., In re New Century TRS Holdings, Inc*., Case No 07-10416 (Bankr. D. Del. April 26, 2007); *In re Foamex Int'l, Inc*., Case No. 0512685 (PJW) (Bankr. D. Del. Oct. 17, 2005); *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); *In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000), aff'd, 2000 WL 1800690 (S.D.N.Y. Dec. 6, 2000).

33.     Accordingly, the Debtor respectfully submits the terms of the Engagement Letter, including the Indemnification Provisions, are reasonable and customary and should be approved in this chapter 11 case.

### C.     Interim Retention is Necessary

34.     The Debtor further seeks the retention of Algon on an interim basis to avoid the imposition of irreparable harm that will inure to the Debtor's estate absent the relief sought hereby.  Pursuant to Bankruptcy Rule 6003, the court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm.  FED. R. BANKR. P. 6003.  Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first 20 days of a chapter 11 cases. *See, e.g., First NLC Fin. Servs, LLC*, No. 08-10632 (Bankr. S.D. Fla., Jan. 28, 2008) (approving interim

12

retentions of financial advisor and legal counsel on interim basis within first 20 days of chapter 11 case).

35.     The Debtor submits that the progress made in the first 20 days of these Chapter 11 Cases will be a determinative factor in the ultimate outcome of these cases.  Algon, as the Debtor's financial advisor, will play an integral role in assisting the Debtor in shaping the course of this chapter 11 case by assisting in the development of a restructuring plan on behalf of the Debtor.

36.     Failure to have all of Algon's resources readily available during the first 20 days of the cases will severely hamper the Debtor's initial restructuring efforts and could jeopardize the ultimate outcome of these cases.  Therefore, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order authorizing the Debtor to retain and employ Algon on an interim basis, and to compensate Algon for any expenses incurred during that interim period in accordance with the interim compensation procedures established in these cases. This interim form of relief ensures the availability of Algon's full resources to the Debtor during a critical period in this case, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this application on a final basis. The form of proposed order attached as Exhibit "A" preserves any objections of all creditors and parties-in-interest to the final hearing on this Application.

## NOTICE

37.     The Debtor will provide notice of this motion to all parties on the Master Service List as defined in Local Rule 2002-1(H) and all parties known to be directly affected by the relief requested herein.  In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit "A": (i) authorizing the Debtor to retain and employ Algon as its financial advisor, *nunc pro tunc* to the Petition Date; (ii) approving the terms of Algon's employment, including the proposed Fee Structure and Indemnification Provisions set forth in the Engagement Letter, subject to the standards set forth in sections 328 and 330 of the Bankruptcy Code, effective *nunc pro tunc* to the Petition Date; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  August 25, 2009

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
*Proposed Local Counsel for the Debtor*
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593


By: /s/  Mindy A. Mora
Mindy A. Mora
Florida Bar No. 678910
mmora@bilzin.com
Jason Z. Jones
Florida Bar No. 186554
jjones@bilzin.com

- and -

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
*Proposed Counsel for the Debtor*
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

14

Facsimile: (212) 506-1800
Andrew K. Glenn *(pro hac vice pending)*
N.Y. Bar No. 2767374
Jeffrey R. Gleit *(pro hac vice pending)*
N.Y. Bar No. 3928371

# EXHIBIT "A"

## PROPOSED ORDER AUTHORIZING INTERIM EMPLOYMENT AND RETENTION OF ALGON CAPITAL, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

Case No. 09-09-27168-BKC-LMI

CABI DOWNTOWN LLC,[1]

Chapter 11

     Debtor.

_____/

**INTERIM ORDER AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF ALGON CAPITAL, LLC AS FINANCIAL ADVISORS**
**TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

     THIS MATTER came before the Court on August ___, 2009 at ____ __.m., upon the

Application by Debtor for Entry of an Interim Order Authorizing the Employment and Retention

of Algon Capital, LLC d/b/a Algon Group as Financial Advisors to the Debtor *Nunc Pro Tunc* to

the Petition Date and for Entry of a Final Order [D.E. #___] (the "Application") and the Affidavit

of Paul F. Rubin on Behalf of Algon Capital, LLC in Support of Application (the "Rubin

_____

[1]     The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180.  The last four digits of the Debtor's tax identification number are [0838].

2

Affidavit"), pursuant to sections 327(a), 328 and 1107 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Florida ("Local Rules"); it appearing that the relief requested by the Application is in the best interest of the Debtor and its estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application, the Rubin Affidavit; the Court being satisfied based upon the representations made in the Application and the Rubin Affidavit that (a) Algon does not hold or represent an interest adverse to the Debtor's estate and (b) Algon is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; due and proper notice of the Application having been provided and no objections to the Application having been filed, it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that:

1.      The Application is **GRANTED** on an interim basis, *nunc pro tunc* to the Petition Date.

2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor is authorized to employ and retain Algon as their financial advisor on the terms set forth in the Engagement Letter and to pay fees to Algon on the terms and at the times specified in the Engagement Letter *nunc pro tunc* to the Petition Date.

3.      Algon shall file interim and final fee applications for allowance of its
compensation and expenses with respect to its services with this Court pursuant to the applicable
provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines
established by the Office of the United States Trustee for the Southern District of Florida and
such other procedures as may be fixed by order of this Court.

4.      Algon shall be compensated for its professional services rendered and
reimbursement of expenses incurred under section 328(a) of the Bankruptcy Code, and not the
reasonableness standard set forth under section 330 of the Bankruptcy Code.

5.      This Interim Order shall constitute pre-approval under section 328(a) of the
Bankruptcy Code of the terms and conditions of the Debtor's employment and retention of Algon
pursuant to the terms of the Engagement Letter.

6.      The Indemnity Provisions set forth in the Engagement Letter are approved in their
entirety.

7.      A final hearing on the Application is scheduled for _____, 2009 at
_____m., prevailing Eastern Time, before this Court (the "Final Application Hearing"). Any
party in interest objecting to the relief sought in the Motion shall serve and file written
objections, which objections shall be served upon (a) general bankruptcy counsel to the Debtor,
Kasowitz Benson Torres & Friedman, LLP, Andrew K. Glenn; (b) local bankruptcy counsel to
the Debtor, Bilzin Sumberg Baena Price & Axelrod LLP, 200 S. Biscayne Blvd., Suite 2500,
Miami, FL 33131, Attn: Mindy A. Mora, Esq.; (c) the Office of the United States Trustee for the
Southern District of Florida, 51 SW First Ave., Room 1204, Miami, FL 33130; (d) the entities
listed on the Master Service List filed pursuant to Local Bankruptcy Rule 2002-1(H), and (e)
counsel to an Official Committee of Unsecured Creditors, if one has been appointed,

4

(collectively, the "Notice Parties") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than _____ at _____, prevailing Eastern Time.

8.    In the event the Application is not granted on a final basis, Algon shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing.  Any party in interest may object to the fee application; *provided, however,* that such party shall file such objection with this Court and serve a copy of the objection upon the Notice Parties.

9.    The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

10.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

12.    Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Application Hearing. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

# # #

Submitted by:
Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131

Copy furnished to:
*Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service*

# EXHIBIT "B"

# PROPOSED FINAL ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALGON CAPITAL, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

Case No. 09-27168-BKC-LMI

CABI DOWNTOWN LLC,[1]

Chapter 11

    Debtor.

_____/

**[PROPOSED] FINAL ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF ALGON CAPITAL, LLC AS FINANCIAL ADVISORS TO THE
DEBTOR <u>*NUNC PRO TUNC*</u> TO THE PETITION DATE</u>**

THIS MATTER came before the Court on September ____, 2009 at _____ __.m., upon the

Application by Debtor for Entry of an Interim Order Authorizing the Employment and Retention

of Algon Capital, LLC d/b/a Algon Group as Financial Advisors to the Debtor *Nunc Pro Tunc* to

the Petition Date and for Entry of a Final Order [D.E. #___] (the "<u>Application</u>") and the Affidavit

_____

    [1]    The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180.  The last four digits of the Debtor's tax identification number are [0838].

1

of Paul F. Rubin on Behalf of Algon Capital, LLC in Support of Application (the "<u>Rubin Affidavit</u>"), pursuant to sections 327(a), 328 and 1107 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Florida ("<u>Local Rules</u>"); it appearing that the relief requested by the Application is in the best interest of the Debtor and its estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application, the Rubin Affidavit; the Court being satisfied based upon the representations made in the Application and the Rubin Affidavit that (a) Algon does not hold or represent an interest adverse to the Debtor's estate and (b) Algon is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; due and proper notice of the Application having been provided and no objections to the Application having been filed, it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is

      **ORDERED** that:

      1.      The Application is **GRANTED** on an interim basis, *nunc pro tunc* to the Petition Date.

      2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor is authorized to employ and retain Algon as their financial advisor on the terms set forth

in the Engagement Letter and to pay fees to Algon on the terms and at the times specified in the Engagement Letter *nunc pro tunc* to the Petition Date.

3.      Algon shall file interim and final fee applications for allowance of its compensation and expenses with respect to its services with this Court pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines established by the Office of the United States Trustee for the Southern District of Florida and such other procedures as may be fixed by order of this Court.

4.      Algon shall be compensated for its professional services rendered and reimbursement of expenses incurred under section 328(a) of the Bankruptcy Code, and not the reasonableness standard set forth under section 330 of the Bankruptcy Code.

5.      This Final Order shall constitute pre-approval under section 328(a) of the Bankruptcy Code of the terms and conditions of the Debtor's employment and retention of Algon pursuant to the terms of the Engagement Letter.

6.      The Indemnity Provisions set forth in the Engagement Letter are approved in their entirety.

7.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

# # #

3

Submitted by:
Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131

Copy furnished to:
*Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service*

# EXHIBIT C

# AFFIDAVIT OF PAUL F. RUBIN ON BEHALF OF ALGON CAPITAL, LLC IN SUPPORT OF APPLICATION

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Case No. 09-27168-BKC-LMI

CABI DOWNTOWN LLC,[1]

Chapter 11

Debtor.

_____/

## AFFIDAVIT OF PAUL F. RUBIN, MANAGING DIRECTOR

STATE OF FLORIDA           )
                           ) ss
COUNTY OF MIAMI-DADE       )

PAUL F. RUBIN, being duly sworn according to law, deposes and says:

1.    I am a Managing Director of Algon Capital, LLC ("Algon"), which is a specialized financial advisory and investment banking firm that provides sophisticated financial analysis, advice and execution in complex, challenging and/or financially distressed situations. Algon's principle offices are located at 10 Glen Lake Parkway, Suite 130, Atlanta, Georgia 30328.

2.    I make this Affidavit in support of the Application for an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014 Authorizing the Retention and Employment of Algon Capital, LLC as Financial Advisors to CABI Downtown, LLC (the "Debtor"), *nunc pro tunc* to the Petition Date.

3.    The Debtor seeks to employ Algon as its financial advisor in this matter due to its extensive knowledge and expertise in bankruptcy matters of this type and nature.

---

[1]    The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180. The last four digits of the Debtor's tax identification number are [0838].

1

4.    Algon will render services, including but not limited to, reviewing, analyzing and developing a strategy in connection with the development of a chapter 11 plan of reorganization (the "Engagement Letter"). The Engagement Letter is attached as Exhibit "D" to the proposed form of Order submitted with the Motion.

5.    To the best of my knowledge, neither I nor any other employee of Algon has any connections with the Debtor, its creditors, or any other party in interest, or its respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee other than the ones disclosed in Exhibit "1" to this affidavit.

6.    To the best of my knowledge, information and belief, Algon does not hold or represent any interest materially adverse to the Debtor and its estate and Algon is a "disinterested person" as that term is defined in 11 U.S.C. §§ 101 (14) and 327.

7.    In addition, to the best of my knowledge, no principals or professionals assigned to this engagement by Algon are relatives of any of the District Judges or Bankruptcy Judges in this District, or of the United States Trustee.

8.    Algon will submit periodic applications for compensation and reimbursement in accordance with title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, the Local Rules and any orders entered by this Court establishing procedures for payment of fees and expenses of professionals. Algon understands that, in accordance with the Bankruptcy Code, all fees and expenses requested by Algon to be paid by the Trustee are subject to approval by the Court.

9.    Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to Algon on an hourly basis (the "Financial Advisory Fee") plus reimbursement of actual, necessary expenses and other charges incurred by Algon,

2

including, but not limited to, travel, delivery and data services and other related communication expenses (the "Expenses") as set forth in set forth in the Engagement Letter. The Expenses will be reimbursed to Algon only in the event of a Recovery and shall be paid out of the first dollars received.

10.    No promises have been received by Algon or any member thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Algon has not agreed to share any compensation or reimbursement under 11 U.S.C. § 327(a) with any other person, except with its employees and contractors, nor has the undersigned paid or agreed to pay the sum to any such person as a referral fee, or for advising or assisting in these proceedings. No third parties have guaranteed payment to Algon for compensation of professional fees or reimbursement of expenses in these cases.

11.    I declare under penalty that to the best of my knowledge, the foregoing is true and correct.

Paul F. Rubin, Managing Director

STATE OF FLORIDA                )
                                ) SS:
COUNTY OF MIAMI-DADE            )

The foregoing instrument was acknowledged before me this $\underline{25}$ day of $\underline{August}$, by Paul F. Rubin. He is personally known to me.

Sign Name:

Print Name:    $\underline{Eric\ Rosenberg}$
Notary Public, State of Florida

Notary Public State of Florida
Eric Rosenberg
My Commission DD743840
Expires 02/15/2012

3

# EXHIBIT "1"

## Disclosures

1.  Algon works with the law firm of Greenberg Traurig, LLP on unrelated matters.

2.  Algon currently works with the law firm of Kasowitz, Benson, Torres & Friedman, LLP on unrelated matters.

3.  Algon is currently adverse to Bank of America and other lenders in unrelated matters.

# EXHIBIT D
# ENGAGEMENT LETTER



**ALGON**GROUP

*Financial Advisors for Complex Situations*

August 18, 2009

Mr. Elias Amkie Levy
Cabi Downtown, LLC
19950 W. Country Club Drive, Suite 900
Aventura, FL 33180

Dear Mr. Amkie Levy;

This letter confirms our understanding and agreement ("Agreement") of the basis upon which Algon Capital, LLC d/b/a Algon Group ("Algon") is being engaged as financial advisor to Cabi Downtown, LLC (the "Client"). Algon is being engaged to assist and advise the Client in connection with the development and confirmation of a Chapter 11 plan of reorganization (the "Plan"), including providing expert testimony and other ancillary services requested by the Client as a debtor-in-possession under title 11 of the United States Code.

This engagement will be effective upon the execution of this Agreement and the approval of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") retroactive to August 18, 2009.

The Algon team for this engagement will be Troy Taylor, Paul Rubin and other Algon professionals, if needed.

## I.   Compensation for Services

In consideration of services performed, the Client agrees to compensate Algon as set forth below:

> A)  Initial Retainer. Client will pay Algon a $25,000 initial retainer which will be applied to Algon's final invoice under this Agreement.
>
> B)  Expense Reimbursement. On a monthly basis Algon will submit invoices, subject to Bankruptcy Court approval, for all reasonable out of pocket expenses incurred in connection with this engagement. Such expenses will consist primarily of, but are not limited to, travel (coach class), delivery and data services as well as communications expenses. Algon will need to obtain Client's prior approval for any expenses in excess of $2,000 through September 7, 2009. Algon will provide to Client a weekly expense summary during this period.
>
> C)  Financial Advisory Fee. The client shall pay Algon a financial advisory fee based on actual time spent at the following hourly rates:



*A L G O N   I S   A   R E S U L T S   O R I E N T E D   F I N A N C I A L   A D V I S O R Y   A N D   I N V E S T M E N T   B A N K I N G   F I R M*

*10 GLEN LAKE PARKWAY SUITE # 130, ATLANTA, GA 30328  WWW.ALGONGROUP.COM*

> ■ Troy Taylor                      $550 per hour
> ■ Paul Rubin                       $450 per hour
> ■ Other professionals         Standard Rates

Algon acknowledges and agrees that it will seek payment of compensation for services provided and reimbursement of expenses incurred in connection with the procedures established by the Bankruptcy Court for professionals retained by the Client. Effective September 7, 2009, subject to Bankruptcy Court approval, Client and Algon may mutually agree to amend Algon's compensation to an alternative structure such as fixed monthly fee combined with a "success fee" or other appropriate structure.

> Wire Instructions:
> Fidelity National Bank - 061102400
> 225 Sandy Springs Circle, Atlanta, GA 30328
> A/C # 0302258

## II. Indemnification

In the event that Algon becomes involved in any capacity in any action, proceeding or investigation in connection with the performance by Algon of the services contemplated by this letter, which involvement is not a result of Algon's gross negligence or willful malfeasance in the performance of such services, the Client will, upon the request of Algon, assume the defense of such action, proceeding or investigation with counsel reasonably satisfactory to Algon and, unless a conflict of interest exists, if Algon desires to retain separate counsel, it may do so at Algon's sole expense. However, if a conflict of interest exists, Algon may retain separate counsel and the Client shall pay the reasonable fees and expenses of such counsel. The Client will also indemnify Algon against any losses, claims, damages or liabilities to which it may become subject in connection with the performance by Algon of the services contemplated by this letter, except to the extent that any such loss, claim, damage, liability or expense results from Algon's gross negligence or willful malfeasance in performing the services which are the subject of this letter. If for any reason the foregoing indemnification is unavailable to Algon or insufficient to hold Algon harmless, then the Client shall contribute to the amount paid or payable by Algon as a result of such loss, claim, damage or liability in such proportion as is appropriate to reflect not only the relative benefits received by the Client on the one hand and Algon on the other hand, but also the relative fault of the Client and Algon, as well as any relative equitable considerations, except that the Client shall not in any event be responsible for any such loss, claim, damage or liability resulting from Algon's gross negligence or willful malfeasance in performing the services which are the subject of this Agreement; provided, however, that in no event shall the amount contributed by Algon pursuant to this paragraph exceed the amount of fees actually received by Algon under this Agreement. The Client's reimbursement, indemnity and contribution obligations under this paragraph shall be in addition to any liability which it may otherwise have, shall extend upon the same terms and conditions to Algon's employees and controlling persons (if any), and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of Algon and any such person. The foregoing provisions shall survive the period of Algon's



Mr. Elias Amkie Levy
August 18, 2009

services under this Agreement for a period of three (3) years or the applicable period of the statute of limitations, whichever is less. The Client agrees that neither Algon nor any of its directors, agents, or affiliates shall have any liability to the Client for any losses, damages, liabilities or expenses arising out of the performance of services by Algon under this Agreement, unless it is finally determined judicially that such losses, damages, liabilities or expenses resulted directly from the gross negligence or willful malfeasance of Algon.

## III.    Entire Agreement and Governing Law

This Agreement sets forth the entire understanding of the parties relating to the subject matter hereof and supersedes and cancels any prior communications, understandings and agreements. This Agreement cannot be modified or changed, nor can any of its provisions be waived, except by written agreement executed by both parties hereto.

If any term, agreement, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, agreements, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

The laws of the state of Florida shall govern this Agreement. The parties hereto submit to the jurisdiction of the Bankruptcy Court for any and all actions and disputes arising under this Agreement or any action to enforce the terms hereof.

Algon agrees to treat all information provided by the Client or the Client's representatives as confidential and to use such information only in connection with its services as outlined in the Agreement, and Algon agrees that it will not use such information for any other purpose.

## IV.    Acceptance

Please confirm your acceptance of the foregoing terms of the Agreement by signing and returning an executed original of the Agreement to Algon.

Very truly yours,                          Accepted by:

**Algon Group**                            **Cabi Downtown, LLC.**

By: _____                    By: _____        08/24/09
                                                                          Date
Paul F. Rubin                              Elias Amkie Levy
Managing Director                          Manager