UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CABI DOWNTOWN LLC,[1]

Debtor.

_____/

Case No. 09-27168-BKC-LMI

Chapter 11

**AMENDED DECLARATION OF W. HARTLEY POWELL IN SUPPORT OF EMERGENCY APPLICATION BY DEBTOR FOR INTERIM AND FINAL ORDERS AUTHORIZING THE RETENTION AND EMPLOYMENT OF KPMG LLP AS REVERSE SALES AND USE TAX CONSULTANTS TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE AND APPROVAL OF CONTINGENCY FEE ARRANGEMENT**

I, W. Hartley Powell, being duly sworn, deposes and says:

1. I am a principal of KPMG LLP, a professional services firm ("KPMG"). KPMG is the United States member firm of KPMG International, a Swiss cooperative. I submit this declaration on behalf of KPMG in support of the Emergency Application By Debtor for Interim and Final Orders Authorizing the Retention and Employment of KPMG LLP as Reverse Sales and Use Tax Consultants to the Debtor *nunc pro tunc* to the Petition Date, and Approval of a Contingency Fee Basis (the "Application")[2] pursuant to § 328(a) of the Bankruptcy Code (the "Bankruptcy Code"), and Rule 2014, 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of Bankruptcy Practice

---

[1] The Debtor's current mailing address is 19950 W. Country Club Drive, Suite 900, Aventura, Florida 33180. The last four digits of the Debtor's tax identification number are [0838].

[2] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

and Procedure of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"). I have personal knowledge of the matters set forth herein.[3]

## Qualifications of Professionals

2. KPMG is a firm of independent public accountants as defined under the Code of Professional Conduct of the American Institute of Certified Public Accountants.

3. The Debtor has selected KPMG as their reverse sales and use tax consultants because of the firm's diverse experience and extensive knowledge in the fields of accounting, taxation, and operational controls for large sophisticated companies both in chapter 11 as well as outside of chapter 11.

4. The Debtor has employed KPMG since January 2008. KPMG is familiar with the books, records, financial information and other data maintained by the Debtor and is qualified to continue to provide tax consulting services to the Debtor. As such, retaining KPMG is an efficient and cost effective manner in which the Debtor may obtain the requisite services.

## Services to be Rendered

5. Subject to approval of the Application, pursuant to a separate engagement letter between KPMG and the Debtor (the "Engagement Letter"), which is attached to the Application as Exhibit "C" and as amended by Exhibit "D" to the Application, KPMG will provide reverse sales and use tax services as KPMG and the Debtor shall deem appropriate and feasible in order to advise the Debtor in the course of these cases, including, but not limited to the following:

**Tax Services**

    i. Review and analysis of sales and use tax transactions for potential sales and use tax refunds;

    ii. Provide Debtor with a report that quantifies the amount of identified sales and use tax refund opportunities;

---

[3] Certain of the disclosures herein relate to matters within the knowledge of other professionals at KPMG.

2

      iii.    Discuss with Debtor and agree upon which items will be included in a "claim for refund" to be filed with state taxing authorities;
      iv.    Prepare one or more "claim for refund" package(s) for Debtor's review and approval;
      v.    Coordinate processing of the "claim for refund" packages with the state taxing authority;
      vi.    Assist Debtor in responding to questions related to the refund claims from the state taxing authority; and
      vii.    Represent Debtor before the state taxing authority during the review of Debtor's claims for refund pursuant to the state taxing authority's established formal or informal procedures. KPMG's representation will include any necessary administrative appeals unless such appeals are required to be handled by an attorney; KPMG does not engage in the practice of law.

6. Subject to this Court's approval of the Application, KPMG is willing to serve as the Debtor's tax consultants and to perform the services described above (collectively, the "<u>Tax Matters</u>").

7. The deadline for the Debtor to request the sales tax refund is September 1, 2009, and there is no provision in the statute to extend the filing date beyond September 1, 2009.

8. Although KPMG provided services prepetition in connection with this engagement, the deadline to file the tax return is based on an assessment that was published in August 2009. Accordingly, much of KPMG's work related to the proposed retention will occur postpetition.

9. KPMG estimates that the Debtor may be eligible to receive between $3.6 million and $4.7 million in sales tax refunds.

**<u>Disinterestedness of Professional</u>**

10. Based upon information supplied by Debtor's counsel, KPMG searched its client database from May 2, 2005 and forward to identify any connection or relationship with the interested parties provided. To the best of my knowledge and based upon the results of the

3

relationship search described above and disclosed herein, KPMG neither holds nor represents an interest adverse to the Debtor's estate that would impair KPMG's ability to objectively perform professional services for the Debtor. On an ongoing basis, KPMG will conduct further reviews of its professional contacts as it becomes aware of new parties of interest, as is stated below.

11. To the best of my knowledge, KPMG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that, KPMG:

    a. is not a creditor, an equity security holder, or an insider of the Debtor;

    b. is not and was not, within two years before the date of filing of these chapter 11 cases, a director, officer, or employee of the Debtor; and

    c. does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

12. As of the date the Debtor filed for bankruptcy protection, KPMG was not a "creditor" of the Debtor within the meaning of section 101(10) of the Bankruptcy Code.

13. As set forth in Schedule 1 attached hereto, KPMG has in the past been retained by, and presently provides and likely in the future will provide services for, certain creditors of the Debtor and other parties-in-interest in matters unrelated to such parties' claims against the Debtor or interests in this chapter 11 case. KPMG currently performs, has previously performed or may have performed such services for these interested parties, however, such services, to the extent performed by KPMG, are unrelated to the Debtor or its chapter 11 case.

14. KPMG has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this chapter 11 case.

4

15. KPMG is the United States member firm of KPMG International, a Swiss cooperative of member firms, each a separate legal entity, located worldwide. Only KPMG is being retained in this matter. KPMG cannot assure that an engagement will not be accepted by a foreign member firm of KPMG International for another party that may bear upon KPMG's engagement by the Debtor. However, to the extent KPMG is aware of such engagement and believes such engagement may bear upon KPMG's engagement by the Debtor, KPMG will file a supplemental declaration with the Bankruptcy Court.

16. As part of its practice, KPMG appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to these bankruptcy cases. KPMG has not identified any material relationships or connections with any party-in-interest. If and when additional information becomes available with respect to any other relationships which may exist between KPMG, foreign member firms of KPMG International, or their partners and professionals and the Debtor, creditors, or any other parties in interest which may affect these cases, supplemental declarations describing such information shall be filed with this Court.

**Professional Compensation**

17. As set forth in the engagement letter, KPMG will be reimbursed on a contingent basis in the amount of 15% of the refund received from the Florida Department of Revenue. KPMG will not earn any compensation for its work unless and until a "benefit" is received by the Debtor. The above fee arrangement encompasses any services rendered in connection with representing the Debtor before state taxing authorities during the review of the Debtor's claims for refund pursuant to the state taxing authority's established formal or informal procedures,

including any necessary administrative appeals unless such appeals are required to be handled by an attorney.

18. KPMG will not seek reimbursement for expenses incurred.

19. KPMG requests that the requirements of the Guidelines be tailored to the nature of KPMG's engagement in connection with the Tax Matters and its compensation structure. KPMG has requested, pursuant to § 328(a) of the Bankruptcy Code, payment of its fees on a contingency basis, which, as set forth above, is customary in the Tax Matters. As such, the submission of detailed information regarding time entries on an tenth of an hour basis pursuant to the Guidelines, are burdensome and unnecessary in light of the contingent fee arrangement. Accordingly, KPMG requests a waiver of any timekeeping requirements that are required under the Guidelines.

20. KPMG has agreed to modify the Engagement Letter, including the Standard Terms and Conditions attached thereto, during the course of these chapter 11 cases as set forth in Exhibit D attached to the Application.

21. To the extent the Application is granted, KPMG has agreed to waive amounts owed for professional services rendered prior to the Petition Date.

22. No commitments have been made or received by KPMG with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code; and there is no agreement or understanding between KPMG and any other entity, other than a member, partner or regular associate of KPMG, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

23. This declaration is provided in accordance with section 328 of the Bankruptcy Code, Bankruptcy Rule 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  27th  day of   August  , 2009.

*(signature)*
_____
W. Harley Powell
KPMG LLP
401 South Tryon Street
Suite 2300
Charlotte, North Carolina 28202

Schedule 1

# CABI DOWNTOWN, LLC

KPMG LLP currently performs (or has previously performed) accounting, tax advisory or consulting services in matters unrelated to this Chapter 11 case for the following entities, or has connections or relationships with the following entities:

| NAME | CATEGORY |
|---|---|
| CABI DOWNTOWN, LLC | Client |
| KASOWITZ BENSON TORRES & FRIEDMAN LLP | Co-Counsel |
| Bilzin Sumberg Baena Price & Axelrod LLP | Co-Counsel |
| Delta/Omni Bus Solution | Creditor |
| Accord Intl Corp | Creditor |
| AGI Inc | Creditor |
| American International Group | Creditor |
| AON Risk Service | Creditor |
| CABI DEVELOPERS LLC | Creditor |
| Cabi Holdings,Inc. | Creditor |
| Canon Financial Services Inc. | Creditor |
| CIT Technology Financial Ser | Creditor |
| CSA Group | Creditor |
| DELL COMMERCIAL CREDIT | Creditor |
| DHL | Creditor |
| FedEx | Creditor |
| GE Capital | Creditor |
| Greenberg Traurig PA | Creditor |
| Gryphon Construction LLC | Creditor |
| Holland & Knight | Creditor |
| JM Construction Service | Creditor |
| EDUARDO RODRIGUEZ | Creditor |
| PAETEC | Creditor |
| Pitney Bowes Global Financial | Creditor |
| Pitney Bowes Purchase Power | Creditor |
| ServiceMaster Restoration Ser | Creditor |
| T- Square Express | Creditor |
| UIC, Inc | Creditor |
| USA Parking | Creditor |
| WG YATES & SONS CONSTRUCTION | Creditor |
| BANK OF AMERICA, NA | Lender |
| Coastal Construction Products, Inc. | Unknown |
| JM Construction Service | Unknown |
| CONTINENTAL PROPERTY GROUP | Unknown |
| Thyssenkrupp Elevator | Unknown |
| Barr Holdings | Buyer |
| Cesar Alvarez and Eloisa Alvarez | Buyer |
| Chris Nichols & Francisco J. Perez | Buyer |
| Family Investment Gruop | Buyer |
| Frank Harris/Corp to be formed | Buyer |
| George Kalergios | Buyer |
| George Malcolm and Rosemarie Malcolm | Buyer |
| Gladys Monne and Maria Hernandez | Buyer |
| Henry Lai | Buyer |
| IDC Investments | Buyer |
| Inder Sharma | Buyer |

Schedule 1

| NAME | CATEGORY |
|---|---|
| Jannina Becerra and Jorge Fernandez | Buyer |
| John F. Bennett | Buyer |
| Jorge Munoz | Buyer |
| Jorge Rodriguez and Blanca Rodriguez | Buyer |
| Jose Alberto Ponce Gonzalez | Buyer |
| Jose Rodriguez and Martha Orellana ( | Buyer |
| Jose Zapata | Buyer |
| Juan Suarez | Buyer |
| Kevin Donnelly | Buyer |
| Lee Chang and Lui Chang | Buyer |
| Max Topaz Inc, Davis LLP and Steel Hector | Buyer |
| Melquiades Alvarez and Manuel Alvarez/Corp to be formed | Buyer |
| Michael Miller | Buyer |
| Mr. & Mrs. Hasrtine, David Solomon & Jeffrey Gray , David Solomon, Jeffrey A. Gray | Buyer |
| Mr. John & Lizet  Fullerton and Mr. Julio & Maria Pilar Diaz | Buyer |
| Osborne Knowles, Lakeisha Dixon, Morgan Jones, Ruth Reme, Morgan Jones, Lakeisha Dixon | Buyer |
| Paul Rosenberg | Buyer |
| Phil Smith and Ernestine Siregar | Buyer |
| Pierre Denis and Grazia Denis | Buyer |
| Rene A. & Gladys E. Gonzalez and Oswaldo & Gladys A Tirse | Buyer |
| Richard Whitfield/Corp to be formed | Buyer |
| Richard Williams | Buyer |
| Robert & Bonnie Levin | Buyer |
| Roberto E. Rodriguez/Corp to be formed | Buyer |
| Ronnie Mitchell | Buyer |
| Russell Johnson | Buyer |
| Samuel Levy | Buyer |
| Sergio Volpato | Buyer |
| Smith Joseph | Buyer |
| Victor Garcia and Roberta Garcia | Buyer |
| William & Rose Anne Healy | Buyer |
| Adriana Lopez, Franklin Lopez, & Carlos Martinez | Buyer |
| John W. LaDuca and Jeanne LaDuca and Robert Kaufman , Robert Kaufman | Buyer |

\* Out of an abundance of caution, the results of the conflict check are disclosed herein for those parties who have the same name as a client or former client of the firm but may or may not be the party actually associated with the case.