

**ORDERED in the Southern District of Florida on August 31, 2009.**

                                               **Laurel M. Isicoff, Judge**
                                              **United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

CABI DOWNTOWN LLC,[1]

      Debtor.
_____/

Case No. 09-27168-BKC-LMI

Chapter 11

**INTERIM ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF KPMG LLP AS REVERSE SALES AND USE TAX CONSULTANTS TO**
**THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**
**AND APPROVAL OF CONTINGENCY FEE ARRANGEMENT**
**<u>AND SCHEDULING FINAL HEARING</u>**

      THIS MATTER came before the Court on August 27, 2009 at 1:30 p.m., upon the

---

[1] The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180.  The last four digits of the Debtor's tax identification number are [0838].

MIAMI 1929959.1 7865532451

*Emergency Application By Debtor For Interim And Final Orders Authorizing The Retention And Employment of KPMG LLP As Reverse Sales and Use Tax Consultants to The Debtor* Nunc Pro Tunc *To The Petition Date And Approval Of Contingency Fee Arrangement* [D.E. #30] (the "Application") of the above captioned Debtor pursuant to sections 327, 328 and 1107 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014, 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2016-1, requesting (i) the entry of an interim and final orders authorizing the Debtor to retain and employ KPMG LLP ("KPMG"), *nunc pro tunc* to August 18, 2009 (the "Petition Date") as reverse sales and use tax consultants to the Debtor, (ii) approving the terms and conditions under which KPMG will be retained and compensated, including approval of the contingency fee arrangement described in the Engagement Letter attached as Exhibit "C" to the Application as modified by Exhibit "D" to the Application with respect to the Tax Matters pursuant to § 328 of the Bankruptcy Code, and (iii) modifying the fee application and information requirements contained in Local Rule 2016-1 incorporating the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (the "Guidelines") with respect to KPMG's engagement; upon consideration of the Application and the *Declaration of W. Hartley Powell in Support of Emergency Application by Debtor for Interim and Final Orders Authorizing the Retention and Employment of KPMG LLP as Reverse Sakes and Use Tax Consultants to the Debtors Nunc Pro Tunc to the Petition Date and Approval of Contingency Fee Arrangement* [D.E. #48] (the "Powell Declaration"); and having heard the arguments of counsel; and having found, based solely upon the representations in the Application and the Powell Declaration, that (i) KPMG does not represent an interest adverse to the Debtor or its estate on the matters for which they are being employed, and (ii) KPMG has disclosed any

connections with parties as required by Bankruptcy Rule 2014; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided and no objections to the Application having been filed; and it appearing that no other or further notice need be provided; and having found and concluded, based solely upon the representations made in the Affidavit, the Declaration, and in open court, that KPMG's employment is necessary and is in the best interests of the Debtor's estates; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that:

1. The Application is **GRANTED** on an interim basis, *nunc pro tunc* to the Petition Date.

2. In accordance with sections 327(a) of the Bankruptcy Code, the Debtor is authorized to employ and retain KPMG as reverse sales and use tax consultants on an interim basis *nunc pro tunc* to the Petition Date.

3. The contingency fee arrangement as set forth in the Engagement Letter is approved on an interim basis pursuant section 328 of the Bankruptcy Code, with the clarification that such fee is limited to 15% of the actual cash refund received by the Debtor.

4. KPMG shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable Orders of this Court provided, however, that KPMG is not required to provide any timekeeping records that would be required under the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases.

5.A final hearing on the Application is scheduled for **Tuesday, September 15, 2009 at 1:30 p.m**., prevailing Eastern Time, before this Court (the "<u>Final Application Hearing</u>"). Any party in interest objecting to the relief sought in the Application shall serve and file written objections, which objections shall be served upon (a) general bankruptcy counsel to the Debtor, Kasowitz Benson Torres & Friedman, LLP, Andrew K. Glenn, Esq., 1633 Broadway, New York, New York 10019; (b) local bankruptcy counsel to the Debtor, Bilzin Sumberg Baena Price & Axelrod LLP, 200 S. Biscayne Blvd., Suite 2500, Miami, FL 33131, Attn: Mindy A. Mora, Esq.; (c) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Ave., Room 1204, Miami, FL 33130; (d) the entities listed on the Master Service List filed pursuant to Local Bankruptcy Rule 2002-1(H), and (e) counsel to an Official Committee of Unsecured Creditors, if one has been appointed, (collectively, the "<u>Notice Parties</u>") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than **Friday, September 11, 2009 at 4:30 p.m.,** prevailing Eastern Time.

6.In the event the Application is not granted on a final basis, KPMG shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing. Any party in interest may object to the fee application; *provided, however,* that such party shall file such objection with this Court and timely serve a copy of the objection upon the Notice Parties in accordance with the Local Rules of this Court.

7.The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

10. Entry of this interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Application Hearing. All parties' rights with respect to any such objection are preserved.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this interim Order.

# # #

Submitted by:
Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131

Copy furnished to:
*Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service*

MIAMI 1929959.1 7865532451