

**ORDERED in the Southern District of Florida on August 31, 2009.**

                                                      **Laurel M. Isicoff, Judge**
                                                   **United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                  Chapter 11

CABI DOWNTOWN, LLC,[1]

                                          Case No.  09-27168-BKC-LMI

        Debtor.
_____/

**INTERIM ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY
KASOWITZ BENSON TORRES & FRIEDMAN LLP AS GENERAL BANKRUPTCY
COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION
<u>DATE AND SCHEDULING FINAL HEARING</u>**

       THIS MATTER came before the Court on August 27, 2009 at 1:30 p.m. upon

---

[1] The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180.  The last four digits of the Debtor's tax identification number are [0838].

MIAMI 1929765.1 7865532451

consideration of the application (the "<u>Application</u>") [D.E. #19] of the above captioned debtor and debtor-in-possession (the "<u>Debtor</u>") for entry of interim and final orders authorizing the Debtor to retain and employ Kasowitz, Benson, Torres & Friedman LLP ("<u>KBT&F</u>") as general bankruptcy counsel for the Debtor, pursuant to Sections 327(a), 328(a) and 330 of title 11 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "<u>Local Rules</u>"); and having found, based solely upon the representations made in the Application and the Declaration, that KBT&F does not represent an interest adverse to the Debtor or its estate on the matters for which they are being employed, and that KBT&F disclosed any connections with parties as required by Bankruptcy Rule 2014; and it appearing that the relief requested is necessary and in the best interests of the Debtor's estate, its creditors and all other parties-in-interest; and due and sufficient notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore,

      IT IS ORDERED that:

      1.    The Application IS GRANTED in its entirety on an interim basis as of the Petition Date.

2. The Debtor is authorized to retain and employ KBT&F, pursuant to §§ 327 and 330 of the Bankruptcy Code, as its general bankruptcy counsel in accordance with the terms and conditions set forth in the Application.

3. KBT&F is authorized to render the professional services to the Debtor as set forth in the Application.

4. KBT&F shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case subject to the allowance of professional fees and compensation as set forth in Section 330 of the Bankruptcy Code, and in compliance with the remaining provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any Order of this Court.

5. A final hearing on the Application is scheduled for **Tuesday, September 15, 2009 at 1:30 p.m.**, prevailing Eastern Time, before this Court (the "Final Application Hearing"). Any party in interest objecting to the relief sought in the Motion shall serve and file written objections, which objections shall be served upon (a) the Debtor, c/o Elias Amkie, 19950 West Country Club Drive, Suite 900, Aventura, FL 33180; (b) Kasowitz, Benson, Torres & Friedman, 1633 Broadway, New York, New York 10019, Attn: Andrew K. Glenn, Esq. and Jeffrey R. Gleit, Esq.; (c) Bilzin Sumberg Baena Price & Axelrod LLP, 200 S. Biscayne Blvd., Suite 2500, Miami, FL 33131, Attn: Jason Z. Jones, Esq.; (d) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Ave., Room 1204, Miami, FL 33130; and (e) the entities listed on the Master Service List filed pursuant to Local Bankruptcy Rule 2002-1(H), (collectively, the "Notice Parties") and shall be filed with the Clerk of the United States

Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than **Friday, September 11, 2009 at 4:30 p.m.** prevailing Eastern Time.

6. In the event the Application is not granted on a final basis, KBT&F shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Hearing. Any party-in-interest may object to the fee application; provided, however, that such party shall file such objection with this Court and serve a copy of the objection on the Notice Parties.

7. The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

10. Entry of this interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Application Hearing. All parties' rights with respect to any such objection are preserved.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this interim Order.

###

Submitted by:
Mindy A. Mora, Esq.
Fla. Bar No. 678910

Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Blvd., Suite. 2500
Miami, FL 33131
Tel: (305) 374-7580
Fax: (305) 375-7593
E-mail: mmora@bilzin.com

Copies to: Mindy A. Mora, Esq.
*(Attorney Mora shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.*