

**ORDERED in the Southern District of Florida on September 03, 2009.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

Case No. 09-09-27168-BKC-LMI

CABI DOWNTOWN LLC,[1]

Chapter 11

Debtor.

_____/

**INTERIM ORDER AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF ALGON CAPITAL, LLC AS FINANCIAL ADVISORS**
**TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**
**AND SCHEDULING FINAL HEARING**

THIS MATTER came before the Court on August 27, 2009 at 1:30 p.m., upon the

Application by Debtor for Entry of an Interim Order Authorizing the Employment and Retention

of Algon Capital, LLC d/b/a Algon Group as Financial Advisors to the Debtor *Nunc Pro Tunc* to

the Petition Date and for Entry of a Final Order [D.E. #20] (the "Application") and the Affidavit

---

[1]     The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL
33180.  The last four digits of the Debtor's tax identification number are [0838].

of Paul F. Rubin on Behalf of Algon Capital, LLC in Support of Application (the "Rubin Affidavit"), pursuant to sections 327(a), 330 and 1107 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Florida ("Local Rules"); it appearing that the relief requested by the Application is in the best interest of the Debtor and its estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application, the Rubin Affidavit; the Court being satisfied based solely upon the representations made in the Application and the Rubin Affidavit that (a) Algon does not hold or represent an interest adverse to the Debtor's estate and (b) Algon is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; due and proper notice of the Application having been provided and no objections to the Application having been filed, it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that:

1.      The Application is **GRANTED** on an interim basis as modified herein, *nunc pro tunc* to the Petition Date.

2.      In accordance with sections 327(a) and 330 of the Bankruptcy Code, the Debtor is authorized to employ and retain Algon as its financial advisor on the terms set forth in the Engagement Letter as amended herein on an interim basis *nunc pro tunc* to the Petition Date.

3.    Algon shall file interim and final fee applications for allowance of its

compensation and expenses with respect to its services with this Court pursuant to the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines

established by the Office of the United States Trustee for the Southern District of Florida and

such other procedures as may be fixed by order of this Court.

4.    Section II of the Engagement Letter shall be deleted and replaced with the

following language amended as follows:

II.    Indemnification
        In the event that Algon becomes involved in any capacity in any action,
proceeding or investigation in connection with the performance by Algon of the
services contemplated by this letter, which Involvement is not a result of Algon's
fraud, willful misconduct, gross negligence, or self dealing in the performance of
such services, the Client will, upon the request of Algon, assume the defense of such
action, proceeding or investigation with counsel reasonably satisfactory to Algon and,
unless a conflict of interest exists, if Algon desires to retain separate counsel, it may
do so at Algon's sole expense. However, if a conflict of interest exists, Algon may
retain separate counsel and the Client shall pay the reasonable fees and expenses of
such counsel subject to the provisions below.
        The Client will also indemnify Algon against any losses, claims, damages or
liabilities to which it may become subject in connection with the performance by
Algon of the services contemplated by this letter, except to the extent that any such
loss, claim, damage, liability or expense results from Algon's fraud, willful
misconduct, gross negligence, or self dealing in performing the services which are the
subject of this letter.    The Client's reimbursement, indemnity and contribution
obligations under this paragraph shall be in addition to any liability which it may
otherwise have, shall extend upon the same terms and conditions to Algon's
employees and controlling persons, if any, and shall be binding upon and inure to the
benefit of any successors, assigns, heirs and personal representatives of Algon and
any such person (each, an "Indemnified Party").
        The Client agrees that neither Algon nor any of its directors, agents, or
affiliates shall have any liability to the Client for any losses, damages, liabilities or
expenses arising out of the performance of services by Algon under this Agreement,
unless it is finally determined judicially that such losses, damages, liabilities or
expenses resulted directly from the fraud, willful misconduct, gross negligence, or
self dealing of Algon or its directors, agents or affiliates.
        Any requests for payment of counsel ("Indemnification Counsel") to defend
Algon in an indemnification action shall be made by interim and final fee
applications to the Bankruptcy Court and shall be subject to review by the
Bankruptcy Court; provided however, that no Indemnified Party shall receive
contribution or reimbursement on account of any claim or expense resulting from

3

fraud, willful misconduct, gross negligence, or self dealing on the part of the Indemnified Party or any other party.

In no event shall an Indemnified Party be indemnified or receive contribution or other payment under the above indemnification provisions (the "Indemnification Provisions") if the Debtor, its estate, or the statutory committee of unsecured creditors or other party, if any, assert a claim, to the extent that the Court determines by final order that such claim arose out of fraud, willful misconduct, gross negligence, bad faith, self dealing or breach of fiduciary duty on the part of that or any other Indemnified Party.

In no event shall contribution by and/or the amount of damages against Algon, its directors, agents or affiliates be capped by the amount of fees Algon receives in this engagement.

In the event an Indemnified Party seeks reimbursement for attorneys' fees from the Debtor pursuant to the Indemnification Provisions, the invoices and supporting time records from such attorneys shall be annexed to Algon's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code.  The reasonableness of Algon engaging Indemnification Counsel is also subject to review by the Court under section 330 of the Bankruptcy Code.

5.      A final hearing on the Application is scheduled for **Tuesday, September 15, 2009 at 1:30 p.m.**, prevailing Eastern Time, before this Court (the "Final Application Hearing"). Any party in interest objecting to the relief sought in the Motion shall serve and file written objections, which objections shall be served upon (a) general bankruptcy counsel to the Debtor, Kasowitz Benson Torres & Friedman, LLP, Attn: Andrew K. Glenn, 1633 Broadway New York, New York 10019; (b) local bankruptcy counsel to the Debtor, Bilzin Sumberg Baena Price & Axelrod LLP, 200 S. Biscayne Blvd., Suite 2500, Miami, FL 33131, Attn: Mindy A. Mora, Esq.; (c) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Ave., Room 1204, Miami, FL 33130; (d) the entities listed on the Master Service List filed pursuant to Local Bankruptcy Rule 2002-1(H), and (e) counsel to an Official Committee of Unsecured Creditors, if one has been appointed, (collectively, the "Notice Parties") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual

receipt by the foregoing no later than **Friday, September 11, 2009 at 4:30 p.m**., prevailing Eastern Time.

6.      In the event the Application is not granted on a final basis, Algon shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing.  Any party in interest may object to the fee application; *provided, however,* that such party shall file such objection with this Court and serve a copy of the objection upon the Notice Parties.

7.      The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

10.      Entry of this interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Application Hearing.  All parties' rights with respect to any such objection are preserved.

11.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this interim Order.

# # #

Submitted by:
Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131

Copy furnished to:
*Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service*