UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CABI DOWNTOWN, LLC.                              Case No. 09-27168-LMI

           Debtor                                Chapter 11
_____/

RICHARD WILLIAMS,

           Plaintiff
vs.                                               Adversary No.

CABI DOWNTOWN, LLC, a
Florida Limited Liability Company,
SIEGFRIED, RIVERA, LERNER,
DE LA TORRE & SOBEL, P.A.,
BANK OF AMERICA, N.A.,

           Defendants
_____/

**ADVERSARY COMPLAINT – DEMAND FOR
RETURN OF CONDO PURCHASER'S DEPOSITS**

Comes now the Plaintiff, RICHARD WILLIAMS, and brings this Adversary Complaint against defendants CABI DOWNTOWN, LLC, a Florida Limited Liability Company (hereinafter referred to as "Debtor"), SIEGFRIED, RIVERA, LERNER, DE LA TORRE & SOBEL, P.A. (hereinafter referred to as "Escrow Agent"), and BANK OF AMERICA, N.A. (hereinafter referred to as "Lender"), seeking a declaration that the amount of money being held in escrow for the Plaintiff belongs to Plaintiff free and clear of any claim or interest of the Debtor and that Plaintiff is entitled to have that money released to him by the Escrow Agent and for a declaration of an equitable lien against real property owned by the Debtor:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§157(a) and 1334(b). This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

2. Venue is appropriate under 28 U.S.C. §1391 in that the specific acts giving rise to this litigation arose in this judicial district in the Miami Division.

## PARTIES

3. The Plaintiff entered into a purchase agreement for a condominium located at EVERGLADES ON THE BAY SOUTH, Unit 3904 (hereinafter referred to as the "Purchase Agreement") with Debtor, the developer of the condominium project. A copy of the Purchase Agreement is attached hereto as Exhibit "A". The Debtor is a corporation conducting business in Miami-Dade County, Florida, with its principal address at 19950 West Country Club Drive, Suite 900, Aventura, Florida.

4. Escrow Agent is a Miami-based law firm acting as escrow agent pursuant to the Purchase Agreement which holds funds belonging to the Plaintiff against which the Debtor asserts as a claimed contingent interest.

5. BANK OF AMERICA, N.A., is a national bank which has a mortgage on the real property owned by the Debtor and may claim in interest in the funds that are the subject of this action.

## FACTS

6. At all times relevant hereto, the Debtor marketed and sold to Plaintiff a condominium unit and percentage ownership of common area facilities at EVERGLADES ON THE BAY SOUTH before the building was constructed.

7. EVERGLADES ON THE BAY SOUTH is a condominium compromising more than 100 condominium units and percentage ownership of the common area facilities.

8. In accordance with the Purchase Agreement, Plaintiff was required to put a minimum of 20% of the purchase price as a deposit.

9. The Purchase Agreement further allowed the Debtor to remove the amount over 10% of the purchase price from escrow for the Plaintiff to be used for "construction purposes".

10. Upon information and belief, the remainder of Plaintiff's deposit, at least 10% of the total purchase price, is still being held in the escrow account.

11. A complaint was filed in the Eleventh Judicial Circuit (*Williams v. Cabi Downtown, etc., et. al.,* Case No. 09-6165 CA 32) on August 21, 2009, claiming among other things, that the Purchase Agreement provided that Debtor had to provide title that was good, marketable and insurable at the time of closing and that Debtor was unable to do so. As a result Plaintiff maintained that he was entitled to the return of the amount of the deposit in excess of 15% of the purchase price.

12. Plaintiff has retained the undersigned attorneys to represent him in this lawsuit and is obligated to pay them a reasonable fee for which the Developer is obligated pursuant to the terms of the contracts.

## COUNT II-BREACH OF CONTRACT-FAILURE TO PROVIDE MARETABLE TITLE

13. Plaintiff reaffirms and realleges paragraphs 1-12 of this complaint as if fully set out herein.

14. Paragraph 7 of the Purchase Agreement indicated that Debtor estimated the condominium unit purchased by PLAINTIFF would be substantially completed no later than September, 2008, subject to delays caused by acts of God, the unavailability of materials, strikes, other labor problems, governmental orders or other events which would support a delay based upon impossibility of performance.

15. Paragraph 10 of the Purchase Agreement states, in pertinent part:

3

> Seller promises that the title Purchaser will receive at closing will be good, marketable and insurable…
>
> If Seller cannot or elects not to correct the title defects, Purchaser…can cancel this Agreement and receive a full refund of Purchaser's deposits.

16.  Debtor set a closing with Plaintiff for December, 2008. However Debtor was not ready willing and able to close at that time because Debtor could not provide the necessary quality of title required by paragraph 10 of the purchase agreement, said title being good, marketable and insurable. At the time of closing, the condominium property was encumbered by, *inter alia,* a mechanic's lien for which no release had been obtained by Debtor as well as judgments and other unpaid liens agains the condominium property. These judgments and liens were not permitted exceptions to the title within the meaning of paragraph 10(a) of the Purhcase Agreement.

17.  Debtor was unable to provide the appropriate quality of title called for by the Purchase Agreement within the period of time allowed by the Purchase Agreement for Debtor to correct the title defects.

18.  Due to Debtor's inability to close, Plaintiff demanded the return of his deposit, but Debtor has failed and otherwise refused to return the deposit. Due to Debtor's failure to correct the defects in title within a reasonable amount of time, Debtor has no claim against the funds in escrow.

19.  Debtor has failed and /or refused to return the Plaintiff's deposit to the Plaintiff.

WHEREFORE, for the above-stated reasons, Plaintiff requests judgment holding that Debtor has no claim against the funds held in escrow and that the Escrow Agent return all of the funds held for Plaintiff to him.

## COUNT II – IMMEDIATE RELEASE OF THE AMOUNT OF THE DEPOSIT IN EXCESS OF 15% OF THE PURCHASE PRICE

20. Plaintiff realleges and reaffirms paragraphs 1-12 of this complaint as if fully set out herein.

21. Plaintiff has an immediate and actual need for a declaratory judgment based on an actual controversy between the parties having an adverse legal interest.

22. As per the Purchase Agreement, Plaintiff paid a deposit in the amount of 20% of the purchase price.

23. The Purchase Agreement at paragraph 13 states:

> If Purchaser defaults after fifteen percent (15%) of the Purchase Price (exclusive of interest) has been paid, Seller will refund to the Purchaser any amount which remains from those payments Purchaser actually made, after subtracting fifteen percent (15%) of the Purchase Price, exclusive of interest.

24. Plaintiff was called by Debtor to a closing and failed to close and was placed in default by Developer.

25. Plaintiff is due back twenty-five percent (25%) of his deposit pursuant to the plain wording of the Purchase Agreement.

26. Therefore, the amount of the deposit in excess of 15% of the purchase price of Plaintiff's deposit do not fall under 11 U.S.C. §541 as property of the estate of Debtor and the Debtor has no claim to this money.

27. Plaintiff is in need of a declaration that the Debtor has no claim to this amount and an order directing the escrow agent to remit this amount to Plaintiff.

WHEREFORE, Plaintiff prays for a declaration of his rights and obligations with regard to the deposit held in escrow pursuant to the Purchase Agreement and that the amount of the deposit in excess of 15% of the purchase price of Plaintiff's deposits should not be included in the Debtor's bankruptcy

estate and an order directing the escrow agent to immediately return these portions of the deposits to Plaintiff as well as any other relief this Court may deem mete and proper.

## COUNT III-EQUITABLE LIEN

28. Plaintiff hereby incorporates paragraphs 1-12 of this complaint as if fully set out herein.

29. Plaintiff's deposit money was obtained pursuant to a void and/or voidable and illegal contract and/or validly rescinded contract.

30. Some and/or all of Plaintiff's deposit in excess of 10% was used to construct the condominium unit and building.

31. As some of Plaintiff's deposit was used by Debtor to improve the condominium property that the Lender has a lien on for the lender's benefit. When Debtor was unable to provide good and marketable title, Plaintiff elected not to close and demanded the return of his deposit.

32. Plaintiff is entitled to the imposition of an equitable lien against unit 3904 in EVERGLADES ON THE BAY SOUTH and the condominium building for the amount of the deposit used to construct the unit and building and for prejudgment interest at the legal rate.

33. Plaintiff's equitable lien is superior to the lender's construction loan because the lender had actual knowledge that the deposits of the purchasers of condominiums at EVERGLADES ON THE BAY SOUTH including that of the Plaintiff were used to construct the building and this was a condition of the lender agreement to furnish the construction loan.

*The remainder of this page is intentionally left blank*

WHEREFORE, Plaintiffs respectfully request that this Court enter an order imposing equitable lien against the condominium property for the amount of the deposit used to construct the building and for prejudgment interest at the legal rate and for all other relief this Court deems just, including a declaration that the equitable lien is superior to any mortgager lien of the lender.

Dated this 3rd day of March, 2010.

JAY M. LEVY, ESQUIRE
JAY M. LEVY, P.A.
Florida Bar No. 219754
9150 South Dadeland Boulevard
Dadeland II, Suite 1010
Miami, Florida 33156
Phone: (305) 670-8100
Fax:    (305) 670-4827
Email: jay@jaylevylaw.com

&

NICHOLAS B. BANGOS, ESQUIRE
Florida Bar No. 0834238
100 SE 2nd Street
Miami, Florida 33131-2100
Phone: (305) 375-9220
Fax:    (305) 375-8050
Email: nbangos@diazreus.com

By   /s/ Nicholas B. Bangos
      Nicholas B. Bangos, Esq.